**EX PARTE Jose Luis VEGA**

**NUMBER 13–15–00245–CV**

Court of Appeals of Texas, Corpus Christi-Edinburg.

Delivered and filed February 4, 2016

Daniel Olds, D. Kaylyn Betts, for Appellant.

Jose Luis Vega, for Appellee.

Before Justices Garza, Perkes, and Longoria

## OPINION

Opinion by Justice Longoria

The Texas Department of Public Safety ("the Department") appeals an order expunging all files and records relating to the arrest of appellee Jose Luis Vega. *See generally* TEX.CODE CRIM. PROC. ANN. arts. 55.01–.06 (West, Westlaw through 2015 R.S.). We reverse and render.

### I. BACKGROUND

Harlingen Police arrested Vega for the offense of indecency with a child in August of 2009. *See* TEX. PENAL CODE ANN. § 21.11(a) (West, Westlaw through 2015 R.S.). A grand jury returned an indictment charging Vega with three counts of that offense. Vega reached a plea agreement with the Cameron County District Attorney's Office which called for Vega to plead guilty to the offense of endangering a child, a third-degree felony, and receive a six-year sentence. *See id.* § 22.041 (West, Westlaw through 2015 R.S.). In return, the State would dismiss Counts 2 and 3 of the indictment. The trial court judge accepted the plea agreement, granted the State's motion to dismiss Counts 2 and 3, and convicted Vega on Count 1 of the original indictment for the "Lesser[-]Included Offense of: Endangering a Child." [1]

Following his release from imprisonment, Vega filed a petition to expunge the records of his arrest on the grounds that all three charges resulting from his arrest had been "dropped, dismissed, or amended." The Department filed an answer asserting that Vega was not entitled to expunction because (1) the statute of limitations had not expired and (2) Count 1 resulted in a final conviction, albeit for a lesser-included offense. The Department did not appear at the hearing on Vega's petition, but an attorney representing the Cameron County District Attorney's Office, which was also named in the case, appeared and argued against Vega's petition. Following the hearing, the trial court issued an order concluding that Vega was "entitled to expunction as provided by Article 55.01(a)(2)(A) of the Texas Code of Criminal Procedure" and

---

1. Vega was never indicted for the offense of endangering a child. We assume for purposes of this case that endangering a child is a lesser-included offense of indecency with a child. This matter is irrelevant because our analysis and final disposition applies whether the offense is a lesser-included offense or a refiled offense. *See, e.g., Tex. Dep't of Pub. Safety v. G.B.E.,* 459 S.W.3d 622, 624, 629–31 (Tex.App.–Austin 2014, pet. denied) (en banc) (employing a similar analysis in an expunction case when a charge was dismissed and refiled under a new cause number alleging a different offense arising from the same arrest).

ordered all records relating to his arrest for indecency with a child expunged. The Department perfected this restricted appeal.[2] *See* Tex.R.App.P. 26.1, 30.

## II. Restricted Appeal

To prevail on a restricted appeal, the Department must establish that: (1) it filed notice of the restricted appeal within six months after judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Id.* R. 30; *Alexander v. Lynda's Boutique,* 134 S.W.3d 845, 848 (Tex.2004).

### A. Standard of Review for a Restricted Appeal

■ When addressing a restricted appeal our review is limited to the face of the record. *Bahar v. Lyon Fin. Servs., Inc.,* 330 S.W.3d 379, 384 (Tex.App.–Austin 2010, pet. denied). For these purposes, the "face of the record" consists of all the papers that were before the trial court at the time it rendered judgment. *Id.* The requirement that error be apparent on the face of the record means that "error that is merely inferred [from the record] will not suffice." *Ginn v. Forrester,* 282 S.W.3d 430, 431 (Tex.2009) (per curiam). With this limitation, our scope of review is otherwise the same as in an ordinary appeal. *Tex. Dep't of Pub. Safety v. Foster,* 398 S.W.3d 887, 890 (Tex.App.–Dallas 2013, no pet.).

### B. The First Three Elements

Regarding the first element of a restricted appeal, the record reflects that the trial court signed the order of expunction on December 9, 2014 and the Department filed its notice of appeal on May 29, 2015. The Department filed its notice of appeal in this case within the six-month deadline. *See* Tex.R.App. P. 30; *Alexander,* 134 S.W.3d at 848.

■ Regarding the second element, Vega filed his petition ex parte but named the Department within it as a state agency with records subject to expunction. *See* Tex. Code Crim. Proc. Ann. art. 55.02, §§ 2(a) (providing that a person who is entitled to expunction under article 55.01(a)(2) may file an ex parte petition for expunction), 2(b)(8) (requiring an expunction petition to include the addresses of "law enforcement agencies" or "central state depositories of criminal records" that the petitioner believes might have records subject to expunction). The Department—and all agencies with records subject to expunction—have the right to be represented by counsel at the expunction hearing. *See id.* art. 55.02, § 2(c–1). And, an agency subject to an expunction order may appeal the court's judgment "in the same manner as in other civil cases." *Id.* art. 55.02, § 3(a). On the facts of this case, we conclude that the Department is a party within the meaning of the second requirement for a restricted appeal. *See Foster,* 398 S.W.3d at 890; *Tex. Dep't of Pub. Safety v. Jacobs,* 250 S.W.3d 209, 210 (Tex.App.–Dallas 2008, no pet.).

■ The issue regarding the third element is whether the Department participated "in the decision-making event" which resulted in a judgment adjudicating the Department's rights. *See Texaco, Inc. v.*

---

**2.** Vega's trial counsel informed this Court by letter that he no longer represents Vega. We forwarded a copy of the Department's brief to Vega at the mailing address provided by his trial counsel and informed Vega that his brief was due on November 18, 2015. Vega has not filed a brief in this Court to date.

*Cent. Power & Light Co.,* 925 S.W.2d 586, 589 (Tex.1996). We liberally construe the nonparticipation requirement in favor of the right to appeal. *Pike–Grant v. Grant,* 447 S.W.3d 884, 886 (Tex.2014) (per curiam). We conclude the Department meets this requirement because even though it filed an answer in response to Vega's petition, it did not participate in the hearing on his petition that resulted in the expunction order. *See Foster,* 398 S.W.3d at 890 (holding that the Department met the nonparticipation requirement when it filed an answer asserting an affirmative defense but did not participate in person or through counsel in the expunction hearing).

Having concluded that the Department meets the first three requirements, we now turn to whether error is apparent on the face of the record.

### C. Is Error Apparent on the Face of the Record?

▆ The Department argues in its first issue that error is apparent on the face of the record because the trial court ordered expunction under article 55.01(a)(2) even though one of the charges against Vega resulted in a final conviction. We agree.

### 1. Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Tex. Dep't of Pub. Safety v. G.B.E.,* 459 S.W.3d 622, 624 (Tex.App.–Austin 2014, pet. denied) (en banc). "Because this is a restricted appeal, our review is limited to determining whether an abuse of discretion is apparent on the face of the record." *Bahar,* 330 S.W.3d at 390 (citing *Alexander,* 134 S.W.3d at 848). A trial court abuses its discretion when it renders a decision that is (1) arbitrary, unreasonable, or without reference to guiding rules or principles, or (2) without supporting evidence. *G.B.E.,* 459 S.W.3d

at 624. However, to the extent the court's ruling on an expunction petition turns on a question of law, we review that ruling *de novo* because the trial court has no discretion in determining what the law is or applying the law to the facts. *Id.*; *Tex. Dep't of Pub. Safety v. Ibarra,* 444 S.W.3d 735, 738 (Tex.App.–Corpus Christi 2014, pet. filed).

### 2. Applicable Law

▆ The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have all records and files relating to that arrest removed from the government's records. *G.B.E.,* 459 S.W.3d at 625. Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Ex parte Scott,* 476 S.W.3d 93, 94–95, No. 14–14–00930–CV, 2015 WL 5092164, at *1 (Tex.App.–Houston [14th Dist.] Aug. 27, 2015, no pet.). As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met. *Id.* And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction is mandatory and exclusive. *Id.* It is an abuse of discretion for the trial court to order expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by the statute. *Ex parte S.D.,* 457 S.W.3d 168, 171 (Tex.App.–Amarillo 2015, no pet.).

The Department's issue requires us to interpret the expunction statute. Statutory interpretation is a question of law that we also review *de novo. City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex.2008). Our goal in interpreting a statute is to give effect to the legislature's intent as expressed by the language in the statute.

*Id.* We assume that the statute's words bear their "plain and common meaning" unless the Legislature provided a definition or another meaning that is apparent from the context. *Id.* at 625–26. We consider the statute as a whole, reading each word and phrase in context, and attempt to give effect to every part. *Mid–Century Ins. Co. of Tex. v. Ademaj,* 243 S.W.3d 618, 621 (Tex.2007). If the meaning of statutory language is clear and unambiguous, we may not resort to rules of construction or extrinsic aids. *City of Rockwall,* 246 S.W.3d at 626. However, we may also consider the object the Legislature sought to attain by enacting the statute. *Lexington Ins. Co. v. Strayhorn,* 209 S.W.3d 83, 87 (Tex.2006) (citing TEX. GOV'T CODE ANN. § 311.023(1) (West, Westlaw through 2015 R.S.)).

Article 55.01(a) of the expunction statute provides in relevant part:

> A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> > (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
> >
> > > (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission

of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

> . . .
>
> > > (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void; or
> >
> > (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a).[3]

### 3. Analysis

 On the facts of this case, to prove he was entitled to expunction under article 55.01(a)(2), Vega was required to prove that: (1) he had been released; (2) the charge, if any, did not result in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure. *See id.* art.

---

**3.** In 2015, the Texas Legislature enacted a new version of Article 55.01(a) incorporating substantive revisions. *See* Act of May 29, 2015, 84th Leg., ch. 770, § 2.23, sec. 55.01, 2015 Tex. Sess. Law Serv. (West, Westlaw), eff. Jan. 1, 2017. All citations in this opinion are to the current version of the statute.

55.01(a)(2); *see also G.B.E.*, 459 S.W.3d at 626.

The parties' dispute is over whether a charge "resulted in a final conviction" if the person seeking expunction pled guilty to a lesser-included offense of the one for which he was arrested. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2). The Department argues that a charge based on an arrest results in a final conviction when a person pleads guilty to a lesser-included offense of the same charge. Vega argued to the trial court that it does not because the statute permits expunction of the records of individual charges rather than the records of arrests. Vega asserted that the specific charge of indecency with a child did not result in a final conviction. We agree with the Department.

Article 55.01(a) begins by providing that "[a] person who has been placed under a custodial or noncustodial arrest" may "have *all* records and files *relating to the arrest*" expunged if certain conditions are met. *Id.* art. 55.01(a) (emphasis added). The statutory language contemplates expunging all of the records related to an arrest but makes no provision for expunging records related to a particular charge that resulted from an arrest. *See id.*; *see also S.J. v. State*, 438 S.W.3d 838, 843 (Tex.App.–Fort Worth 2014, no pet.) (interpreting this portion of article 55.01(a) in the same manner). If the Legislature wished to permit persons to expunge records related to a particular charge resulting from an arrest without expunging all records of the arrest itself, we presume that it would have included language with that meaning in the statute. *See S.J.*, 438 S.W.3d at 843; *see also Ex parte S.C.*, 305 S.W.3d 258, 263 (Tex.App.–Houston [14th Dist.] 2009, no pet.) (holding that an expunction order was overbroad because the Legislature did not include language allowing a person to expunge records "relating to the investigation" or "resulting in" or "contributing to" an arrest). Furthermore, the statute does not make the availability of expunction turn on whether a charge was filed following the arrest, but requires that "the charge, if any" is not still pending and did not have certain results. *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2); *see also S.J.*, 438 S.W.3d at 843. Viewed as a whole, we conclude that article 55.01(a) contemplates expunging only the records and files relating to an arrest rather than an individual charge that resulted from an arrest.

Our interpretation is consistent with other portions of the expunction statute. *See Ademaj*, 243 S.W.3d at 621 (observing that we must interpret statutes as a whole and give effect to every part).

Article 55.02, which sets out the procedure for an expunction proceeding, provides that if return of the affected records is impracticable, the government agency or official named in the expunction order must "obliterate" any parts of its records and files which can "identify the person who is the subject of the order." TEX. CODE CRIM. PROC. ANN. art. 55.02, § 5(a)(1). The express wording of this subsection contemplates expunging all records and files that show a particular person was arrested, but makes no provision for expunging the fact that a particular charge was filed. *See id.*; *see also S.J.*, 438 S.W.3d at 844.

Article 55.03, which addresses the effect of an expunction order, similarly provides that the person arrested "may deny the occurrence of the arrest and the existence of the expunction order." TEX.CODE CRIM. PROC. ANN. art. 55.03(2). This section expressly permits a person who obtained an expunction order to deny that the arrest subject to the order occurred, but does not contemplate that a person may deny that a particular charge resulting from the arrest

was filed. *See id.* Further, article 55.04 creates a criminal offense for a person who acquires "knowledge of an arrest" through the person's work as an officer or employee of the state, knows of an order "expunging the records and files relating to that arrest," and knowingly "releases, disseminates, or otherwise uses the records or files" subject to the order. *Id.* art. 55.04, § 1. Article 55.04 makes no mention of the improper use of records and files relating to a particular charge.

■ We conclude that the expunction statute "from top to bottom, appears to maintain an arrest as the unit of expunction and provides relief relating to arrests rather than charges." *See S.J.*, 438 S.W.3d at 843. Accordingly, we reject Vega's position that expunction is available because the statute contemplates expunction of individual charges rather than arrests. Interpreting article 55.01(a) in this manner is consistent with the text of article 55.01(a) and the expunction statute as a whole. See *Ademaj*, 243 S.W.3d at 621. By contrast, interpreting the phrase "resulted in a final conviction" as Vega requested requires reading new language into various parts of the statute so that it addresses expunction of both an arrest and an individual charge resulting from an arrest. Nothing in the statutory language requires that result. *See In re M.N.*, 262 S.W.3d 799, 802 (Tex.2008) (explaining that courts "presume the Legislature included

each word in the statute for a purpose" and that "words not included were purposefully omitted"); *see also G.B.E.*, 459 S.W.3d at 629–30 (employing the same reasoning in a similar case regarding the expunction statute).[4]

We hold that error is apparent on the face of the record because the trial court concluded in its order that expunction was available under article 55.01(a)(2) even though Vega was unable to meet the requirement that "the charge, if any, has not resulted in a final conviction." *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2); *see also* Tex.R.App. P. 30.

We sustain the Department's first issue. We do not address the Department's second and third issues because it is unnecessary to fully dispose of this appeal. *See* Tex.R.App. P. 47.1.

### III. Conclusion

We reverse the trial court's order and render judgment denying the petition for expunction.[5]

■

---

4. Our interpretation of the expunction statute is also consistent with its purpose. The Legislature designed the expunction statute "to protect wrongfully-accused people from inquiries about their arrests." *In re State Bar of Tex.*, 440 S.W.3d 621, 624 (Tex.2014) (orig.proceeding). It would be inconsistent with the Legislature's purpose in enacting the expunction statute to permit a person in Vega's circumstances to expunge records of an arrest when that person admitted the arrest was not wrongful.

5. We note that the Texas Supreme Court's holding in *Ex parte Elliot* provides that the relief afforded by our judgment applies equally to all law enforcement agencies named in the expunction order whether or not they participated in this appeal. 815 S.W.2d 251, 251–52 (Tex.1991) (per curiam) (holding that the reversal of an expunction order applies to all law enforcement agencies named in it even if those agencies did not appeal); *G.B.E.*, 459 S.W.3d at 631 (same).