RECEIVED
COURT OF CRIMINAL APPEALS
**December 21, 2017**
**DEANA WILLIAMSON, CLERK**

NO: PD-1301-17

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

_____

ANDREW MCCLENDON,                                APPELLANT

VS

THE STATE OF TEXAS                               APPELLEE

_____

PETITION FOR REVIEW OF ANDREW MCCLENDON

_____

*On Appeal from Cause No:15-CR-4391-B*

*In the 117TH[h] Judicial District Court of Nueces County, Texas*

*And from Cause No: 13-16-00230-CR*

*In the Thirteenth Court of Appeals, Corpus Christi-Edinberg, Texas*

_____
Allen C. Lee
810 Oriole Street
Corpus Christi, Texas 78418
Ph: 361-353-4884
Fax: 361-353-4482
SBN: 12110000
ATTORNEY FOR PETITIONER
ANDREW MCCLENDON

1

## IDENTITY OF THE PARTIES AND COUNSEL

Allen C. Lee
810 Oriole Street
Corpus Christi, Texas 78418
Ph: 361-353-4482
Fax: 361-353-4482
SBN: 12110000
Appellate Attorney for
Armando Torralva

Douglas K. Norman
State Bar No> 15078900
Assistant District Attorney
105th Judicial District of Texas
901 Leopard, Room 206
Corpus Christi, Texas 78401
(361) 888-0410
(363)888-0399 (fax)
Douglas.norman @ nuecesco.com
Attorney for Appellee

# TABLE OF CONTENTS

TABLE OF CONTENTS  ...................................................................................p. 3.

IDENTIES OF PARTIES AND COUNSEL .....................................................p..2

TABLE OF CITED AUTHORITIES ...............................................................pp.4-5.

STATEMENT OF THE CASE ...................................................................... .p.5

STATEMENT OF THE JURISDICTION       .................................................pp. 5,6

SUMMARY OF ARGUMENT…………………………………….................… p.4

ISSUES PRESENTED                   ………………………….............… pp. 6,7

STATEMENT OF THE FACTS.....................…………………….......…......p 7-9

SUMMARY OF THE ARGUMENT...............................................................9-13

ARGUMENT AND AUTHORITIES COMBINED ON

ISSUES ONE, TWO, AND THREE AND FOUR..............................................pp13-18

PRAYER ………………………………………………….................…..p.18-19

CERTIFICATE OF COMPLIANCE………..................................................pp 19,20

CERTIFICATE OF SERVICE.......................................................................pp.19,20

# INDEX OF AUTHORITIES

**CASES**

*Ashe* v. *Swenson,* 397 *US 436,90 Set. 1189,1189,*
*25 L.Ed.2d* 469 *(1970)* .........................................................................p.8

*Benton* v. *Maryland,* 395 *US* 784) ........................................................... p.8

*Bigon* v. *State,* 252 S.W.3d 360,370 (Tex.Crim.App.2008) ....................................p.12

Brown V. Ohio, 432 U.S. 161,165,97 S.Ct. 2221,531 L. Ed. 187 ............................ p.8

*Blockburger* v. *United States,* 284 U.S. 299, 304,
52 S.Ct. 180,76 L.Ed. 306 (1932) ............................................................ p.12

*Ex Parte Amador,* 326 *S W 3d 202, 205 (Tex. Crim. Appeal2010)* ................... *p.8*

*Ex parte Williams Charles Denton,* 399 *S W 3rd 540*
*(Tex. Crim. App. (2013)* .....................................................................p.10,11

ExParte Vega 510 S.W. 3. 544,548 (Tex. App.-Corpus Christi, no pet)................. .p..12

Langs v. State, 183, S.W. 3d 680,687 (Tex. Crim. App. 2006) .................................p.12

LaPointe v. State 225 S.W. 3d 513,522 (Tex Crim. App. 2007)............................. .p.10

Rogers v. State, The Court of Appeals, 13th Dist. 2017.......................................p.12

**STATUTES**

Texas Penal Code Sec. 22.021 (A) ................................................................ p.16

Tex. Penal Code Sec. 22.011; ....................................................................p.16

Tex. Penal Code Sec. 22.04...................................................................P. 1

Tex. Penal Code Sec 22.02...................................................................p.1

Tex. CODE OF CRIM PROC CHAPTER 55.01(a)(1)(A) ....        p.1, 12

Tex. CODE OF CRIM PROC CHAPTER 55.03(1)..........................................  p 13

Tex. Gov. Code Sec. 22.01 (a)(6)...........................................................p.1.

Tex. Gov. Code Sec. 22.001(a)(3)........................................................p.2....

Tex. Rules of Evidence Sec. 404(B)..................................................................p.10

**CONSTITUTION**

**United States**

U.S. Const. amend. V, applicable to the States through
the *Fourteenth Amendment* ...................................................................... p 12
**State of Texas**

Texas Constitution Section 14 of the Texas Bill of Rights which says,
"No person, for the same offense, be twice put in jeopardy oflife or liberty." ......... p.12

## STATEMENT OF THE CASE

This appeal stems from a conviction in the 117th Judicial Court, Nueces County, Texas Case No:15-CR-4391-B for Aggravated Kidnapping Count l; and Aggravated Assault Count 2 under <u>Texas Penal Code Section 22.04 & Section 22.02.</u> After a jury trial the Appellant was found guilty and the Trial Court sentenced Appellant to thirty years for each Count with the sentences to run concurrently. Judge Sandra L. Watts signed the Judgment of Conviction by Jury. The parties in the Court of Appeals were Andrew McClendon, Appellant and the State of Texas. The Memorandum opinion was decided by Justices Contreas, Benavides, and Longoria. The opinion was written by Justice Nora Longoria. Citation for the Case was found in Tex: Court of Appeals, 13th Dist., 2017 - Google Scholar. No motions for rehearing or en banc consideration were filed and none are pending.

## STATEMENT OF JURISDICTION

1.     The Supreme Court has jurisdiction under the Texas Government Code Section 22.001 (a)(6) in that it appears that an error of law has been committed by the 13th Court

of Appeals, and that error is of such importance to the jurisprudence of the State, that in the opinion of the supreme court that it requires correction. This is not a case in which the jurisdiction of the court of appeals is made final by statute. This case is important because it concerns both State and Federal Constitutional issues involving the double jeopardy clause and its application

2. The Supreme Court also has jurisdiction over this appeal under Government Code Section 22.001(a)(3) because this case involves the construction or [or validity] of a statute necessary to the determination of the case..

## ISSUES PRESENTED

1. Did the Court of Appeals err when it refused to find that the reporter's record of the trial in cause number 14-CR-2634-B nor the expunction order were part of the record before it so that it could consider the double jeopardy provisions of both the U.S. and Texas Constitutions?

2. Did the Court of Appeals err when it affirmed the trial court's judgment instead of finding that it had no jurisdiction to hear the appeal and order the case abated to the trial court for a habeas corpus hearing in order to produce a record of the first trial to be used in the second trial so that justice could be done?

6

3. Did the Court of Appeals err when it found it could not consider the issue of double jeopardy because it did not have a sufficient appellate record to review the issue?

4. Should the Court of Appeals *sua sponte* have found that Appellant's trial counsel as a matter of law provided ineffective counsel to Appellant because he failed to request the trial court to take judicial notice of the record in cause number 14-CR-2634-B  or the terms of the Expunction Order it signed after the trial  so that there would be a sufficient record for the Court of Appeals to render a decision on the issue of double jeopardy?

## STATEMENT OF THE FACTS

Appellant was charged with the offense of Aggravated Kidnapping Count 1, and Aggravated Assault Count 2. in this case. In a separate trial in the case of *State vs. Andrew McClendon, Case No:  14-CR-2634-B 117th Judicial Court, t*he Appellant was found NOT GUILTY of Aggravated Sexual Assault on December 9, 2015. The "Aggravated" aspects of both cases is the fact that a KNIFE was used during the commission of all of the offenses charged.

After the first trial, Appellant applied for and was granted by the trial court an ORDER OF EXPUNCTION under the provisions of *Article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure* which was signed by the Court on

December 17, 2015.   During the trial in case number 15-CR-4391-B, Appellant's defense counsel generally objected to any evidence that was ordered expunged which related to aggravated sexual assault. (Reporter's Record Vol .4 of 8, p7 lines 8-13).  The Court required him to make specific objections which he did. However, the court admitted evidence of testimony under the hearsay exceptions; motive, identity, medical history, etc. which allowed the State to retry the aggravated sexual assault case under the Aggravated Kidnapping Indictment and Aggravated Assault indictment.  The common thread in both cases related to Aggravated Sexual Assault in that the State offered the testimony of the investigator, who took pictures of the automobile and took swaps of the spots of semen on the back seat; (See Index to Exhibits Vol.8 of 8, Cause No: 15-CR-4391-B, pp. 3-4 State's Exhibits 1-48) Essentially, the exhibits though numbered differently in both trials were the same, i.e. photos of the automobile; photos of the swabs taken; photos of the defendant's clothes and shoes;  i.d. lineup photos; statements of the defendant; affidavits by the officer who took appellants statement during the first trial and second trial. The testimony regarding the medical testimony was given by a supervisor during the first trial because the nurse who actually interviewed the alleged victim was ill and did not testify in the lst trial but did in the second trial, with one important exception. During the first trial, the court discussed its Findings (Reporters Record Vol. 3 of 4 Volumes, Trial Court Cause No: 14-CR-2634-B, pp.

8

87, lines 1-25 and p.88 1-25.) where the court referred to a video of the alleged victim in which she waved to the appellant after he exited her automobile that among other things led the court to have a reasonable doubt as to whether the sexual encounter was consensual or not. The new witness, Brenda Olson was brought in during the case at bar by the State to try to explain to the jury why a victim who has been sexually assaulted would "wave" to her accuser after she has been supposedly kidnapped and sexually assaulted.

(Reporter's Record, Trial Court cause no: 15-CR-4391-B, Appellate Cause No: 13-16-00230-CR, pp.159, line10-25-p.166 line1- 20).

There were two videos which were missing from the Reporter's record and have not been obtained. An order for such videos was requested when Appellant's motion to supplement was granted by this court but have not been made available to counsel yet. Additionally, the clerk of the court refused to provide Appellant's counsel with a copy of the expunction order because the clerk contended that it would be a violation of the expunction order to do so. Appellant's appellate attorney then secured a copy of the expunction order from Appellant's trial attorney and attached it to the appendix to brief for the appellant in section (8).

## SUMMARY OF THE ARGUMENT

Appellant contends that trial court's approval of Appellant's attorney's request that the record of the first trial be produced

The 13th Court of Appeals in its opinion refused to consider the record of the first trial which was offered to supplement the record stating that "The supplementation rules 'exist to allow appellate courts to supplement the appellate record with matters that were part of the trial record with matters that were part of the trial record but, for whatever reason, have not been forwarded to the appellate court." The Appellate court further ruled that because it could not consider the record of the first trial that "a double jeopardy violation is not apparent on the face of the record." The Court of Appeals quoted that the supplementation rules "exist to allow appellate court to supplement the appellate record with matters that were part of the trial record, but, for whatever reason, have not been forwarded to the appellate court." These rules cannot be used to create a new record." Citing *LaPointe v State, 225 S.W.3d 513, 522 (ex. Crim. App. 2007)*. Appellant contends that the trial court in granting his request to produce a copy of the record of the first trial was not to create a new record but to provide the Court of Appeals with the reason why it admitted the same evidence as was introduced in evidence in the first trial i.e. "for the jury to have the full picture of events."

Appellant further asserts that instead of affirming the trial court's judgment because the trial court's attorney did not ask the court to take judicial knowledge of

10

the record of the first trial or even take judicial knowledge of the contents of the its contents "*sua sponte*," the Court of Appeals should have held that it had no jurisdiction to hear the appeal and that the case should have been abated until a *habeas corpus* hearing has been held to make a record sufficient for the Appellate court to determine whether there was an issue of double jeopardy. In the alternative, the Court of Appeals should have found that the trial court's granting of his appeal counsel's request to order the record of the first trial during a period when it had jurisdiction over the case was in effect at least an implied judicial acknowledgment of the fact that it had considered the record and facts of the first case during the second trial. Appellant further contends that the fact that it even granted an Expunction Order after the acquittal in cause number 14-CR-2634 is proof that it took judicial knowledge of the record in the original case where Appellant was acquitted. Additionally Appellant contends that the purpose for the trial court to modify the terms of the Expunction Order was to be able to admit the same evidence in the case at bar as was introduced in the first case i.e. " for the jury to have the full picture" Further the purpose was to be able to explain to the jury the reason why the trial judge in the first trial had a reasonable doubt as to appellant's guilt because the complainant waved to Appellant after she drove him to the Stripes location and let him out of the car.

Additionally, appellant contends the Court of Appeal's finding that it had an insufficient record in order to make a determination of whether an issue of double jeopardy was apparent on the face of the record so that Appellant could raise the issue of double jeopardy for the first time on appeal would mean that as a matter of law, Appellant's trial counsel did not provide him effective legal counsel because he did not state an objection to the trial of the case as being in violation of appellants double jeopardy right even though he did object to any evidence being introduced that violated the terms of the expunction order which appellant contends was in fact a violation of appellant's double jeopardy protections.

Appellant further contends that his acquittal of the offenses of aggravated sexual assault where the operative facts were that he forced at knife point the alleged victim to allow him in her car; direct her to drive to another location against her will where they had consensual or nonconsensual sex are the same facts that had to be proved in an offense for aggravated kidnapping. Appellant contends that the trial court abused its discretion by not finding that acquittal of aggravated sexual assault was a violation of Appellant's constitutional protection against double jeopardy under both the Texas and United States Constitutions providing that an accused cannot be tried twice for the same offense. Texas Constitution Section 14 of the Texas Bill of Rights which says, "No person, for the same offense, shall be twice put in jeopardy of life or liberty...." Fifth

Amendment Double Jeopardy clause "U.S. Const. amend. V, applicable to the States through the *Fourteenth Amendment ( Benton v. Maryland, 395 U.S. 784)* providing that an accused can not be subjected to a 1) prosecution for the same offense after acquittal and 3) multiple punishments for the same offense. *Brown v. Ohio, 432 U.S. 161,165,97 S.Ct 2221, 531 L. Ed.2d 187 (177); Ex Parte Amador, 326 S.W. 3d. 202, 205 (Tex. Crim. Appeal. 2010)*. *Ashe* v. *Swenson, 397 US 436,90 Set. 1189,1189, 25 L.Ed.2d 469 (1970)*

Appellant further asserts that the aggravated kidnapping charge under the facts of this case is in fact a lesser included offense of the charge of aggravated sexual assault because the charges arose out of only one transaction and the witnesses and evidence adduced in both trials is the same except for the social worker who gave an opinion as to why the complaint in the first trial would wave to the appellant after he executed her automobile.

**ARGUMENT AND AUTHORITIES COMBINED ON ISSUES ONE THROUGH FOUR**

Appellant's trial attorney did not raise the issue of double jeopardy during the trial of the case but did object to evidence related to the sexual assault being admitted before the jury in violation of the court's expunction order.

Appellant contends that counsel's objections to the same evidence regarding aggravated sexual assault admitted in cause number 14-CR-2634-B in which

13

appellant was acquitted and which violated the terms of the order of expunction in effect raised the double jeopardy constitutional protections by implication. The expunction order signed by the trial judge could not have been signed under the provisions of *Article 55.01(a)(1)(A) of the Texas Code of Criminal Procedure) unless there was an acquittal* (emphasis mine).

Defendant's appellate attorney applied to the trial court who granted his motion to secure the Court Reporters record of the first trial in which the court found the defendant not guilty of aggravated sexual assault. The Appellant asserts the court's dual purpose was to show that the trial court in the case at bar adopted and considered the record in the first trial in order to reach its judgment to order an expunction of the records of arrest and to have a record for the court to justify its ruling that evidence adduced in the first trial could come in under *Texas Rules of Evidence section 404(B) t*o show motive, bias, intent or hearsay objection in order to "fill in the holes of what happened" (Reporters Record, Vol. 308, pp5-6 line 9): Consequently, the court of appeals could have and should have ruled that a double jeopardy violation was apparent on the face of the record and did not need a further proceeding to introduce evidence from the first trial in support of Appellant's claim that a double jeopardy claim was apparent on the face of the record. By signing the expunction order after defendant's acquittal the trial court had to have taken judicial knowledge at least by implication or even "*sua sponte*" of the record

14

of the first trial. It went on to admit under objection all of the testimony and exhibits that were introduced in the trial in this case through the same witnesses who testified in the first trial. The supplementation of the record in this case was not a violation of the supplementation rules but were in fact" matters that were part of the trial record to illustrate that the judge by granting the expunction order and admitting evidence of the first trial to give the jury a clear picture of what happened so they could reach a verdict in the second trial. The effect of its ruling was a retrial of the first trial which Appellant contends is a double jeopardy violation and is apparent on the face of the record. *See Ex parte Denton, 399 S.W. 3rd at 544.* Consequently, Appellant contends that a clear abuse of discretion occurred. In the alternative, the Appellate should have abated the proceeding and remanded the case to the trial court in order to find that its approval of Appellant's request to supplement the record by having the record of the first trial produced was done to support its decision to sign the order of expunction and admit all of the pertinent evidence it needed to "fill in the holes" The only new evidence introduced in the second trial was the testimony of the social worker who gave an opinion to explain why the complainant would wave to the appellant when he exited her automobile. The complainant had already been kidnapped by the use of a knife and the testimony of Appellant introduced in the first trial was enough to support a conviction for aggravated assault and aggravated kidnapping.

Again, the court of appeals held that the issue of double jeopardy could not be determined because the court had no record to consider. Appellant asserts that the testimony of the social worker was introduced to answer the dilemma discussed by Judge Banales in the first trial which led him to have a reasonable doubt in the case. The social worker gave an opinion as to why a complainant would wave to her kidnapper when she let him off at the Stripes store. The effect of such evidence related to the aggravated sexual assault where Appellant was acquitted and further illustrates that the second trial was but a retrial of the first trial.

One thing the appeals court did not do was to rule that the trial court's record reflected on the face of the record without consideration of the record of the first trial that the conviction of Appellant for aggravated kidnapping and aggravated assault that Appellant contends is a violation of the multiple punishment protections of double jeopardy. Under a Blockburger analysis the aggravated kidnapping and aggravated assault were the same as they subjected Appellant to two punishments for the same alleged assaultive conduct during the same transaction. The aggravated aspect of the case was the use of a knife under both statutes. *Duran v State. 492 S.W. 3d 741,745 (Tex. Crim. App. 2016; see Langs v. State, 183 S.W. 3d 680 (Tex. Crim. App. 2006). Bigon v. State, 252 WW. 3d 360, 369 (Tex.Crim. App.2008), Blockburger v. United States, 284 U.S. 299.304 (1932).*Consequently, the punishment of thirty years punishment for the aggravated

16

assault should be vacated. See also, *Rogers v. State, The Court of Appeals, 13th Dist. 2017).*

Appellant alleges that there is a conflict regarding the application of the Expunction Statute. The Court of Appeals stated in its opinion that "Even though the expunction statute is codified in the Texas Code of Criminal Procedure. "an expunction proceeding is civil in nature."Tex.Code Crim. Proc. Ann. Art 55.01, citing its own opinion in *Ex Parte Vega, 510 S.W. 3d 544, 548(Tex.App-Corpus Christ 2016 ,no pet.p.7 Opinion McClendon v. State supra. The Court goes on to say in its opinion that "Once the expunction order becomes final, the release, maintainence, dissemination of use of the expunged records and files for any purpose is prohibited." Tex. Code Crim. Proc. Ann. Art 55.03(1) West, Westlaw through 2017 R.S.).* Appellant's attorney from law school through 47 years of law practice in the State of Texas has been under the impression is that when a defendant's record for expunction after an acquittal in a criminal case has been ordered, that it means that person does not have to admit that he/she was even arrested for the offense that was expunged even under of penalty of committing perjury. The Texas Legislature even codified this understanding  in Tex. Code. Crim. Proc. Ann. 55.03 sections 1-3. To illustrate the seriousness in which an expunction order is to be held, the legislature even made the violation of an expunction order a criminal violation under the provisions of Tex. Crim. Proc.

Ann.. 55.04 for anyone "who acquires knowledge while an officer or employee of the state or of any agency or other entity of the state or any political subdivision of the state and who knows of an order expunging the records and files relating to that arrest commits an offense if he knowingly releases, disseminates, or otherwise uses the records and files. The Clerk of the trial court cited the expunction order when Appellate counsel was trying to obtain a copy of the expunction order to prepare the brief for the appeal. The Court of Appeals in its opinion held that it could not consider the expunction order because it was provided in an index to the brief and the court was not requested to take judicial knowledge of it for record purposes. How could the trial court make rulings overruling Appellant's trial attorney's objections to the entry of evidence and testimony in violation of the expunction if the trial Court had not as a matter of law taken judicial knowledge of the fact that she signed it then modified it for the purposes of this trial? Further, Appellant re-urges this court to find that the Court of Appeals should have considered the record of the first trial as part of the record of the second trial when the trial court admitted the testimony and evidence admitted in the first trial "to file in the holes" for the jury. Additionally, since she tried both cases, the prosecutor for the State certainly knew of the existence of the expunction order and requested a modification to which she was not entitled in order to introduce the same evidence in the second trial as she did in the first. The plain truth is that the prosecution

18

failed to allege the offense of aggravated kidnapping in the first case as at least a second count. Appellant admitted that he used a knife to force the complainant into her car and drive her against her will to a place of his choosing so the Judge in the first trial without having to consider the aggravated sexual assault circumstances of which it had a doubt could have found Appellant guilty of aggravated kidnapping as it was certainly a lesser included offense of the aggravated sexual assault charge of which he was found not guilty.

**Prayer**

Appellant prays that the Court of Appeals set aside the convictions as to Counts One of Aggravated Kidnapping, and Count Two, Aggravated Assault and render judgement that the case should be dismissed or find that the Appellant court did not have jurisdiction over the double jeopardy issues, order the case abated and have a habeas corpus hearing to develop a sufficient record to allow the Court of Appeals to determine whether a double jeopardy issue is apparent on the fact of the record so that it can rule based on applicable law as set out herein.

Additionally, Appellant requests that the conviction for aggravated assault be dismissed on the basis that it is a violation of Appellant's due process rights under the Texas and U.S. constitutions providing protections against a second prosecution for the same offense after a conviction.

19

Respectfully submitted,

_____

Allen C. Lee
Attorney for Appellant
SBN: 12110000
810 Oriole Street
Corpus Christi, Texas 78418
Ph:  361-353-4884
Fax: 361-353-4482
Email:  allen@allencleelawfirm.com

## CERTIFICATE OF COMPLIANCE

I, Allen C. Lee certify that my computer program indicates that are 25 pages containing a word count of 3733 in this brief.

_____
Allen C. Lee

## CERTIFICATE OF SERVICE

I, Allen C. Lee certify that on October 28, 2016, a true and correct copy of Appellant's Brief was served by email, efile, fax, mailed or Hand Delivered to Douglas Norman, Assistant District Attorney at the District Attorney's Office, 901 Leopard, Rm 206 ph: 361-888-0410 and fax. 361-888-0700.

_____
Allen C. Lee

NO: PD-1301-17

IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

ANDREW MCCLENDON,                                    APPELLANT

VS

THE STATE OF TEXAS                                   APPELLEE

---

APPENDIX FOR PETITION FOR REVIEW OF ANDREW MCCLENDON

---

*On Appeal from Cause No:15-CR-4391-B*

*In the 117TH[h] Judicial District Court of Nueces County, Texas*

*And from Cause No: 13-16-00230-CR*

*In the Thirteenth Court of Appeals, Corpus Christi-Edinberg, Texas*

Allen C. Lee
810 Oriole Street
Corpus Christi, Texas 78418
Ph: 361-353-4884
Fax: 361-353-4482
SBN: 12110000
ATTORNEY FOR PETITIONER
ANDREW MCCLENDON

# INDEX TO APPENDIX TO APPELLANT'S APPLICATION FOR BILL OF REVIEW

1. Trial Court's Judgment in Case No: 15 CR-4391-B.

2. Jury Charge in Case No: 15 CR-4391-B.

3. Indictment in Case No: 15 CR-4391-B. (CR3 of8 p.22-23)

4. Case No: 15 CR 4391-B, List of State's Witnesses(CR vol.4. pp2-4 Exhibit Vol.pp.I-4)

5. Case No: 14-CR-2634-B, (Master Index with names of States's witnesses, and list of exhibits introduced CR vol. 1, pp.l- 7)

6. Case No: 14-CR-2634-B (CR vol.3 pp.87-88. Judgement of Trial Court.

7. Case No: 14-CR-2634-B Master Index List of witnesses and exhibits introduced (CR vo. l,pp.3-6)

8. Case No: 14-CR-2334-B Copy of Order of Expunction

9. Copy of Applicable United States Constitution and Texas Constitutions

10. Texas Penal Code Chapter 20.04 Aggravated Kidnapping

11. Texas Penal Code Sec. 22.021 Aggravated Sexual Assault

12. Code of Criminal Procedure, Title 1, Chapter 55, Art. 55.03, 55.04.

Print this page

# Envelope 21422745

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 12/20/2017 11:55:29 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Allen Lee |
| Firm Name | Allen Curtis Lee |
| Filed By | Allen Lee |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | ALLEN C. LEE |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 33162925 |
| Order # | |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Petition for Discretionary Review |
| Reference Number | State for Appointed Cr. Appeal |
| Comments | Please file the petition in cause no: PD-1301-17 |
| Courtesy Copies | allen@allencleelawfirm.com |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| | | |

| Other | 12/21/2017 01:43:13 PM | Your petition does contain the signature of the party's representative [Rule 9.1(a)&(c)(1)or(2)]. The petition for discretionary review does not contain the identity of Judge, Parties and Counsel in compliance with[Rule 68.4(a)]; it lacks the identity of the trial court judge. The petition for discretionary review does not contain a copy of the court of appeals opinion [Rule 68.4(j)]. You have ten days to tender a corrected petition for discretionary review. |
|---|---|---|

## Documents

| | | |
|---|---|---|
| *Lead Document* | McClendon, Andrew Application for Review Ct Crim. App. texas FINAL SIGNED.pdf | [Original] |

## Appendix

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Appendix |
| Filing Description | Appendix to Petition for Review of Andrew Mc Clendon |
| Reference Number | Nueces County appeal from judgmen of 13th cca |
| Comments | Please attach to Petition for Review case no: PD-1301-17 |
| Courtesy Copies | allen @ allencleelawfirm.com |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 12/21/2017 01:43:13 PM | No rejection comment was provided. Please contact the court into which you are filing for more information. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | McClendon. pdf Petition for Review Appendix Final signed.pdf | [Original] |
| *Attachments* | McClendon Index to appendix ex. 2.pdf | [Original] |
| *Attachments* | McClendon Judgment of conviction Index to appendix ex.3.pdf | [Original] |
| *Attachments* | McClendon Jury Charge Index to appendix ex 4.pdf | [Original] |
| *Attachments* | McClendon exhibits secnd case appendix Index ex. 5.pdf | [Original] |
| *Attachments* | McClendon exhibits secnd case appendix Index ex. 6.pdf | [Original] |
| *Attachments* | McClendon. judgement in lst case appendix Index ex. 7.pdf | [Original] |
| *Attachments* | McClendon.Expunction order lst case appendix Index ex.8.pdf | [Original] |
| *Attachments* | McClendon. Constitutional statutes appendix Index ex.9.pdf | [Original] |
| *Attachments* | McClendon. statutes appendix Index ex.10.pdf | [Original] |
| *Attachments* | McClendon. Expuncton statutes appendix Index ex.11.pdf | [Original] |
| *Attachments* | McClendon. 13th ct judgmt and opinion Appendix ex. 12.pdf | [Original] |

Envelope Details