

## NUMBER 13-19-00019-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### EX PARTE N.T.L.

### On appeal from the 135th District Court
### of Victoria County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

By four issues, which we address as three, appellant, the Texas Department of Public Safety (the Department), appeals an order expunging all files and records relating to appellee N.T.L.'s offense of assault causing bodily injury, a class A misdemeanor. *See* TEX. PENAL CODE ANN. § 22.01. The Department argues that: (1) N.T.L. is not entitled to expunction because he served a term of community supervision arising out of the arrest; (2) the trial court's order of expunction is not supported by legally sufficient evidence; and (3) the lack of a transcript could warrant a new trial. We reverse and

render judgment denying N.T.L.'s petition for expunction.

## I.    BACKGROUND

N.T.L. was arrested for two counts of assault causing bodily injury occurring on October 24, 2014, where he assaulted two females in an apartment parking lot.    *See id.* Both charges arose out of the same criminal episode and arrest.   On August 23, 2016, he pleaded guilty to one count of assault and was ordered to serve eighteen months of deferred adjudication probation.    Pursuant to the plea agreement and on the complainant's request to dismiss the charge, his second count of assault was dismissed. *See id.*

On October 30, 2018, N.T.L. filed his motion to expunge the assault case that was dismissed stating that:

1.    Petitioner has been released and the charge has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense; and

2.    Prosecution of the Petitioner for the offense for which he was arrested is no longer possible because the limitations period has expired.

The Department filed its original answer and general denial, in which it stated that N.T.L. was not entitled to an expunction because he had served court-ordered community supervision as a "consequence of this arrest" and therefore, does not qualify for an expunction.   N.T.L. filed a response to the Department's answer and general denial. On November 28, 2018, the trial court held a hearing on the motion to expunge and granted N.T.L.'s motion for expunction stating that N.T.L. had "been released and the charge has not resulted in a final conviction and is no longer pending and there was no

2

court-ordered community supervision under Chapter 42A for the offense" and that "prosecution of the Petitioner for the offense for which he was arrested is no longer possible because the limitations period has expired."[1]   The Department filed a motion for new trial on the same day, and the trial court set the hearing for submission.   On December 17, 2018, the trial court denied the Department's motion for new trial.   This appeal followed.

## II.   EXPUNCTION

By its first two issues, the Department argues that N.T.L. was not entitled to an expunction.   It alleges that N.T.L. served a term of community supervision from a charge arising out of the same criminal episode and arrest.

### A.   Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion.   *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 624 (Tex. App.—Austin 2014, pet. denied) (en banc).   A trial court abuses its discretion when it renders a decision that is (1) arbitrary, unreasonable, or without reference to guiding rules or principles, or (2) without supporting evidence.   *Id.*   However, to the extent that the court's ruling on an expunction petition turns on a question of law, we review that ruling de novo because the trial court has no discretion in determining what the law is or applying the law to the facts.   *Id.*; *Tex. Dep't of Pub. Safety v. Ibarra*, 444 S.W.3d 735, 738 (Tex. App.—Corpus Christi–Edinburg 2014, pet. denied).

---

[1]   The official court reporter for the 135th Judicial District Court filed an affidavit with this Court in which she states that no reporter's record was made of the hearing on N.T.L.'s petition for expunction.   We are unable to conclusively verify that the Department did not participate in the hearing; however, the Department did file a post-judgment motion for new trial.

**B.      Applicable Law**

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have the opportunity to have all records and files related to that arrest removed from the government's records.   *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *see also Ex Parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature.   *Vega*, 510 S.W.3d at 548.   As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met.   *Id.* And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive.   *Id.*   It is an abuse of discretion for the trial court to order an expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by statute.   *Id.*

Article 55.01(a) of the expunction statute governs a petitioner's right to expunction and provides, in relevant part, that:

(a)      A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2)      the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A)      regardless of whether any statute of limitations exists

4

for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i)     has not been presented against a person at any time following the arrest, and:

. . . .

(c)     A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, . . . by the trial court, . . . if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of . . . at least one other offense occurring during the criminal episode.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2), (c).   The penal code defines "criminal episode" as the commission of two or more offenses pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan.   TEX. PENAL CODE ANN. § 3.01.

## C.     Discussion

To establish entitlement to expunction based on dismissal under article 55.01(a)(2), N.T.L. was required to prove that:   (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under Chapter 42A of the Texas Code of Criminal Procedure.   *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A); *see also G.B.E.*, 459 S.W.3d at 626.

N.T.L. argues that the plea to the first assault case does not prevent expunction of the second assault charge because the cases arose from two separate arrest warrants.

5

The Department argues expunction is prevented because both assault cases arose out of the same criminal transaction, and N.T.L.'s expunction is therefore barred.

Article 55.01(a) begins by providing that "[a] person who has been placed under a custodial or noncustodial arrest" may "have *all* records and files *relating to the arrest*" expunged if certain conditions are met. TEX. CODE CRIM. PROC. ANN. art. 55.01 (emphasis added). Where an arrest is made pursuant to a charge for a single offense and the person is acquitted or convicted and then pardoned pursuant to article 55.01(a)(1)(B), then article 55.01(a)(1) entitles the person to expunction of all records and files relating to the arrest. *State v. T.S.N.*, 547 S.W.3d 617, 621 (Tex. 2018). This is because records and files relating to "*the* offense" encompass the whole of the records and files relating to "*the* arrest." *Id.* And where an "arrest is made pursuant to a charge or charges for multiple related offenses as part of a criminal episode, the statute just as clearly does *not* entitle the person to expunction of any files or records relating to the episode if the person either is convicted of one of the offenses or charges for one of the offense remain pending." *Id.*; TEX. CODE CRIM. PROC. ANN. art. 55.01; TEX. PENAL CODE ANN. §3.01; *see Ex Parte F.T.K.*, No. 13-16-00535-CV, 2018 WL 2440545, *3 (Tex. App.—Corpus Christi–Edinburg May 31, 2018, no pet.) (mem. op.) (stating the same).

N.T.L. was originally arrested for two class A assault charges arising from the same criminal episode. As part of a plea agreement, he pleaded guilty to one of the assault charges, and the State dismissed the second assault charge. Due to the events that occurred, we hold that N.T.L. failed to meet the requirements of article 55.01(a). N.T.L. was not tried and acquitted or pardoned. Therefore, N.T.L. did not meet the requirements of article 55.01(a)(1). N.T.L. also failed to satisfy article 55.01(a)(2)

6

because the record shows that, although the second assault charge was dismissed as part of his plea agreement with the State, N.T.L. was convicted of a misdemeanor assault under the first charge out of the same criminal episode.   Thus, the charge that resulted in a final conviction rendered N.T.L.'s records ineligible for expunction.   *See T.S.N.*, 547 S.W.3d at 621.

We sustain the Department's first two issues.[2]

### III.   CONCLUSION

We reverse the trial court's order granting N.T.L..'s expunction and render judgment denying N.T.L.'s petition for expunction.

GINA M. BENAVIDES,
Justice

Delivered and filed the
27th day of August, 2019.

---

[2]   Since we sustained the Department's first two issues, we do not need to address the Department's third issue as the first two issues are dispositive.   *See* TEX. R. APP. P. 47.1.