

# NUMBER 13-20-00398-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARIA FIDELFA MARCIA
GUADALUPE PEREZ CANTU,                                              Appellant,

v.

MANUEL LOPEZ AND
NILDA V. LOPEZ,                                                     Appellees.

## On appeal from the 332nd District Court
## of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Tijerina**

The trial court granted a default judgment in favor of appellees Manuel Lopez and

Nilda V. Lopez (the Lopezes). By one issue in this restricted appeal, appellant Maria

Fidelfa Marcia Guadalupe Perez Cantu argues the trial court abused its discretion in

imposing a constructive trust and equitable lien on property owned by PCR Consulting

Services, LLC, d/b/a PCR Consulting Group (PCR) and 3 Perez Management, LLC, (Perez) and appointing a receiver to sell it. We affirm.

## I.   BACKGROUND

On August 11, 2017, the Lopezes filed an original petition asserting fraud, civil conspiracy, and breach of contract against appellant and six other defendants including PCR and Perez. According to the Lopezes, appellant and the defendants made false representations, which they relied on to their detriment, causing them to enter into multiple contracts. The Lopezes further alleged that appellant and the defendants conspired to defraud them by representing that their funds were invested and would "earn an above-market rate of return on their investment."

The Lopezes requested substituted service on Perez and PCR, asserting that a process server discovered their premises abandoned and vacant, and they attached an affidavit of due diligence. The trial court granted the Lopezes permission to serve the Secretary of State (SOS) as Perez's and PCR's agent. *See* TEX. BUS. ORGS. CODE ANN. §§ 5.251–.252.

Following service on the SOS, on February 21, 2018, the Lopezes filed a motion for default judgment, requesting that the trial court enter a default judgment against PCR and Perez. They further requested to sever their causes of action against appellant and the remaining defendants, as they had not yet been served. The trial court held a hearing on August 9, 2018, on the Lopezes' motion for default judgment.

On March 2, 2020, the Lopezes amended their petition, adding seven additional defendants. They further clarified that PCR and Perez were limited liability companies

2

whose charters were forfeited, had been served by the SOS, and defaulted. On March 18, 2020, the trial court entered a "Final Default Judgment" against PCR and Perez and granted severance on the remaining claims. In the judgment, the trial court awarded the Lopezes $9,422,204.84, in addition to punitive damages, attorney's fees, court costs, and post-judgment interest. The trial court further ordered that the Lopezes held a "constructive trust and equitable lien" for their benefit on real property owned by PCR and Perez, and it appointed a receiver for the purposes of selling the property. Finally, the trial court severed the default final judgment into a separate cause number from the original cause. With regard to the severed cause, the judgment disposed of all claims and causes of action against PCR and Perez and was final and appealable. With regard to the original cause, the final default judgment clarified that "all claims and causes of action against the remaining [twelve] defendants," including appellant, "shall remain pending in this original cause."

On September 14, 2020, in the severed cause, appellant filed an answer generally denying the Lopezes' claims and filed a motion for sanctions. Appellant also filed this restricted appeal.

## II.    RESTRICTED APPEAL

To prevail on a restricted appeal, appellant must demonstrate: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the

3

record.[1] *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020) (citing *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam)); *see* TEX. R. APP. P. 30. "For these purposes, the 'face of the record' consists of all the papers that were before the trial court at the time it rendered judgment." *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). "The requirement that error be apparent on the face of the record means that 'error that is merely inferred [from the record] will not suffice.'" *Id.* (quoting *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam) (alteration in original)).

Appellant asserts that error is apparent on the face of the record because: (1) the purported service on PCR and Perez "occurred in a proceeding which was initiated more than three years after those entities were terminated"; (2) the Lopezes "failed to provide her with service of process, and "absent notice and the opportunity to heard, appellant was deprived of the opportunity to prepare a defense and state her objections"; and (3) the Lopezes failed to serve her with an amended petition. As "evidence" to support these contentions, appellant relies on her motion for sanctions and the attached exhibits, which she filed on September 14, 2020—approximately six months after the trial court signed the final default judgment.

"When extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is by motion for new trial or by bill of review filed in the trial court so that the trial court has the opportunity to consider and weigh factual evidence." *Ginn*, 282 S.W.3d at 432; *see also Convergence Aviation, Inc. v. Onala Aviation, LLC*, No. 05-19-00067-CV,

---

[1] Because it is dispositive, we only address whether error was apparent on the face of the record. *See Ex parte E.H.,* 602 S.W.3d 486, 495 (Tex. 2020).

2020 WL 29716, at *2 (Tex. App.—Dallas Jan. 2, 2020, no pet.) (mem. op.) ("Extrinsic evidence not before the trial court at the time of the default judgment may be considered in a motion-for-new-trial or bill-of-review proceeding, but it cannot be considered in a restricted appeal."). Moreover, "[t]he rule has long been that evidence not before the trial court prior to final judgment may not be considered in a writ of error proceeding." *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848–49 (Tex. 2004); *MG Int'l Menswear, Inc. v. Robert Graham Designs LLC*, No. 05-18-00517-CV, 2019 WL 642724, at *2 (Tex. App.—Dallas Feb. 15, 2019, no pet.) (mem. op.) ("[T]he error alleged by the appealing party must be apparent on the face of the record that existed at the time the default judgment was rendered.").

Here, the evidence appellant relies on to show error on the face of the record was not presented to the trial court when it signed the default judgment, and it was not filed until after the trial court lost plenary power to set aside the default judgment. *See* TEX. R. CIV. P. 329b(d); *Ex parte Vega*, 510 S.W.3d at 547. Therefore, it is extrinsic evidence that cannot be considered in a restricted appeal to determine whether there is error on the face of the record. *See Alexander*, 134 S.W.3d at 848; *Ex parte Vega*, 510 S.W.3d at 547.

In any event, appellant has attempted to appeal a final default judgment against PCR and Perez, to which she is not a party. *See In re Lumbermens Mut. Cas. Co.*, 184 S.W.3d 718, 723, 724 (Tex. 2006) ("Generally, only parties of record may appeal a trial court's judgment."). In her reply brief, appellant asserts she has standing to appeal a judgment for which she is not a party under the virtual-representation doctrine. As previously stated, because appellant relies on extrinsic evidence not before the trial court

5

when it rendered the default judgment, we cannot address her virtual-representation doctrine argument in this restricted appeal. *See Alexander*, 134 S.W.3d at 848–49. We overrule her sole issue. *See Ex parte E.H.*, 602 S.W.3d at 495.

### III. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
9th day of June, 2022.