**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,**

v.

**J.B.R., Appellee.**

**No. 08–14–00194–CV**

Court of Appeals of Texas, El Paso.

May 11, 2016

D. Kaylyn Betts, Texas Department of Public Safety, Austin, TX, Attorney for Appellant.

Richard D. Davis, Burnet, TX, Attorney for Appellee.

Before McClure, C. J., Rodriguez, and Hughes, JJ.

### OPINION[1]

YVONNE T. RODRIGUEZ, Justice

After being discharged from deferred adjudication community supervision, J.B.R. sought expunction of his arrest records under Article 55.01(a)(2) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim.Proc.Ann. art 55.01(a)(2)(West Supp.2015). Although the Texas Department of Public Safety (hereinafter, "DPS") filed a response in opposition, it neither received notice of, nor participated in, the expunction hearing. The trial judge granted J.B.R.'s expunction petition, and DPS now brings this restricted appeal. DPS contends the trial judge erred procedurally and substantively. The procedural error, according to DPS, was failing to provide it with notice of the hearing. The substantive error, according to DPS, was ordering expunction when J.B.R. failed to prove he did not receive court-ordered community supervision. Agreeing that J.B.R. failed to present legally sufficient evidence that he did not receive "court-ordered community supervision under Article 42.12 [of the Texas Code of Criminal

---

1. This case was transferred from our sister court in Austin pursuant to an order issued by the Supreme Court of Texas. *See* Tex.Gov't Code Ann. § 73.001 (West 2013). We follow the precedents of the Austin Court to the extent they might conflict with our own. *See* Tex.R.App.P. 41.3.

Procedure]," as required for expunction under Article 55.01(a)(2), we reverse and render.

## FACTUAL AND PROCEDURAL BACKGROUND

J.B.R. was arrested and charged with assault of an elderly individual, a third-degree felony offense. *See* Tex.Penal Code Ann. § 22.04(f)(West Supp.2015). The State, without objection, obtained leave to amend the indictment and elected to proceed to trial on the lesser-included offense of assault, a Class A misdemeanor. *See* Tex.Penal Code Ann. § 22.01(c)(1)(West Supp.2015). At trial, the parties presented a plea agreement for the trial judge's consideration. Pursuant to its terms, J.B.R. would plead no contest to the reduced charge in exchange for six months' deferred adjudication community supervision with the possibility of early termination after five months and a $500.00 fine. The proffered agreement also required J.B.R. to complete anger management and 50 hours of community service under the supervision of the Brazos County District Attorney's Office. As explained to the trial judge by the parties, J.B.R. would not be required to report to a probation office while supervised but remained subject to other conditions of community supervision.

The trial judge accepted the parties' agreement. His comments reveal that the parties and he believed that, by tailoring the nature of J.B.R.'s community supervision, J.B.R. would remain eligible for expunction:

> The Brazos County DA's office has agreed to oversee this, or supervise it, or whatever it might be called with no fees.

Now would not be an appropriate time, at least, for the Court to even consider it, but looking at Article 55 under the Texas Code of Criminal Procedure your attorney may have some argument that you could have the record expunged at some time in the future in the event that you successfully complete this as deferred and you're not really being supervised by any probation office. It's a very—in my opinion, it's a poorly-worded statute. It's hard to understand. It gives lawyers on both sides a lot of room to argue for it or against it, but, specifically, I'm looking at one of the provisions where it says, 'A person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision', which there is not in this case.

Although the trial judge believed there was no court-ordered community supervision, the deferred-adjudication judgment signed by him imposes conditions governing J.B.R.'s community supervision. These conditions of community supervision are the subject of our discussion below.

After completing five months of his community supervision, J.B.R. moved to terminate it early pursuant to Section 5 of Article 42.12.[2] *See* Tex.Code Crim.Proc.Ann. art 42.12, § 5 (West Supp.2015). In his motion, J.B.R. alleged he "fully satisfied all terms and conditions of said community supervision," including the obligations to "pay[ ] . . . all funds ordered by the Court" and "to report to the Adult Community Supervision Department of Burnet County, Texas." The trial judge granted J.B.R.'s motion. The order discharged J.B.R. "from any further supervision by any community supervision department" and, pursuant to Article 42.12, discharged him from

---

**2.** At the plea hearing, the trial judge had informed the parties that it would be accept-

able for J.B.R. to seek early termination of his community supervision by written order.

any further liability and dismissed the case with prejudice.

Approximately four months later, J.B.R. sought to have his arrest records expunged. He averred he was entitled to expunction pursuant to Article 55.01(a)(2) because, among other prerequisites not relevant here:

> [T]he complaints and any informations presented against the petitioner were dismissed[;] ... he has been released from custody on these charges[;] ... the charges have not resulted in a final conviction and are no longer pending[;] and ... there was no court-ordered community supervision under Article 42.12 of the Texas Code of Criminal Procedure.

J.B.R. identified DPS as one of the law enforcement agencies with records related to his arrest and requested that notice of his petition be provided to it. J.B.R. also requested that the trial judge set a hearing on his petition.

The trial judge acquiesced to J.B.R.'s request, signing an order setting December 9, 2013 as the hearing date for his petition.[3] The order was signed on December 2, 2013, two days before DPS's response in opposition was filed.[4] In its answer, DPS countered that J.B.R. was ineligible for expunction of his arrest records on two bases. The first was because he had received court-ordered community supervision. "[D]eferred adjudication[,]" according to DPS, "is court-ordered community supervision regardless of whether the Petitioner is under any court-imposed conditions, other than paying a fine and court costs." The second was because, by "plead[ing] no contest to Assault causing Bodily Injury[,]" J.B.R. "admit[ed] that the arrest was not wrongful." "Consequently[,]" according to DPS, "granting an expunction would be inconsistent with the primary purpose of the expunction statute, which is to permit the expunction of records of wrongful arrests."

The trial judge held the hearing on J.B.R.'s petition for expunction on the appointed date. Present at the hearing were J.B.R.'s counsel and two prosecutors assigned to Burnet County. The trial judge neither heard testimony nor admitted evidence. Instead, he recited the procedural history of the case. His comments again reveal that the parties and he believed that, by tailoring the nature of J.B.R.'s community supervision, J.B.R. would remain eligible for expunction:

> I distinctly remember was is [sic] that the plea agreement was set up so that reporting would not be required and Mr. Turner, who is probably well-versed in expunction law, along with his assistant, was aware of the fact that the way that was set up that [J.B.R.] could subsequently petition that whatever transpired in the case could be expunged, and so there's a petition for expunction here.

Indeed, when the trial judge was handed a transcript of the plea-bargain hearing by one of the prosecutors, he read verbatim into the record his previous comment—detailed above—about the possibility of J.B.R. seeking expunction. Inclined to grant J.B.R.'s petition, the trial judge asked if any of the parties present opposed expunction. One of the prosecutors re-

---

**3.** The order setting the hearing identifies December 2, 2013 as the date on which J.B.R. filed his petition for expunction. The record on appeal does not contain an expunction petition filed on that date. The expunction petition in the appellate record bears a filing date of October 8, 2013.

**4.** Although the order was signed on December 2, 2013, it was not filed until December 9, 2013.

sponded that he had been instructed "to state on the record that we don't object." Finding that "the appropriate notices went out according to the information that [he] ha[d][,]" the trial judge indicated he was going to sign the expunction order. The signed expunction order tracks the language of J.B.R.'s petition. Accordingly, the trial judge found that J.B.R. was "entitled to expunction as provided by Article 55.01(a)(2)" because, among other prerequisites not relevant here:

> [T]he complaints and any informations presented against the petitioner were dismissed and Petitioner has been released from custody on these charges, that the charges have not resulted in a final conviction and are no longer pending, and that there was no court-ordered community supervision under Article 42.12 of the Texas Code of Criminal Procedure.

A copy of the order was sent to DPS by certified mail, return receipt request. DPS responded by drafting a letter to the court clerk dated December 30, 2013 and filed January 3, 2014. The letter instructed the clerk to "retain the expunction file in the above-referenced cause until the first anniversary of the date the order of expunction was issued or the first business day after that date, in accordance with Texas Code of Criminal Procedure Article 55.02, Section 5(d–1)." The matter remained dormant until DPS filed its notice of restricted appeal on June 9, 2014 complaining of the trial court's expunction order.

## ENTITLEMENT TO EXPUNCTION

In its first issue, DPS contends J.B.R. was not entitled to expunction of his arrest records because he failed to present legally sufficient evidence that he did not serve a term of court-ordered community supervision under Article 42.12 for the Class A misdemeanor offense of assault. We agree.

■ To prevail on its restricted appeal, DPS must establish that: (1) it was a party to the underlying lawsuit; (2) it did not participate, either in person or through counsel, in the expunction hearing and did not timely file any post-judgment motions, requests for findings of fact and conclusions of law, or notice of appeal; (3) it filed a notice of the restricted appeal within six months after the expunction order was signed; and (4) error is apparent on the face of the record. *See* Tex.R.App.P. 26. 1(c); Tex.R.App.P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

Here, the record affirmatively establishes, and J.B.R. does not contend otherwise, that DPS—as a law enforcement agency with records subject to expunction—was a party to the expunction proceeding and that it filed a notice of the restricted appeal within six months after the order was signed. The record also conclusively establishes that DPS did not participate, either in person or through counsel, in the expunction hearing and did not timely file any post-judgment motions, requests for findings of fact and conclusions of law, or notice of appeal.

J.B.R. concedes DPS was not present at the expunction hearing but contends DPS participated nonetheless because its interests at the hearing were represented by the prosecutor and because it filed a letter after the hearing requesting the clerk to retain the expunction file. In support of his contention that DPS participated in the expunction hearing because its interests at the hearing were represented by the prosecutor, J.B.R. cites *Tex. Dep't of Pub. Safety v. Butler*, 941 S.W.2d 318 (Tex. App.–Corpus Christi 1997, no writ). J.B.R.'s reliance on *Butler* is misplaced. The issue there was whether DPS had

standing to appeal an expunction order or to request findings of fact and conclusions of law following an expunction hearing it did not attend *despite receiving notice. Id.* at 319. The court held that, because the prosecutor who opposed expunction is the State's "primary representative" and, therefore, also represented DPS's interests when DPS did not appear at expunction hearing, DPS could thereafter request findings and conclusions and pursue independent appeal of order of expunction. *Id.* at 320. But *Butler* is distinguishable. Here, unlike there, the prosecutor did not oppose expunction and DPS did not receive notice of the expunction hearing. Furthermore, *Butler*'s reasoning in support of its holding is suspect. Several of our sister courts have held that, because each affected law enforcement agency listed in an expunction petition is statutorily entitled to notice, to represent itself in court, and to appeal the decision in the same manner *as in other civil cases,* one agency does not represent the others in court and does not participate in the trial on behalf of all agencies *notified of the expunction. See Tex. Dep't of Pub. Safety v. Woods,* 68 S.W.3d 179, 183–84 (Tex. App.–Houston [1st Dist.] 2002, no writ); *Ex parte Stiles,* 958 S.W.2d 414, 417 (Tex. App.–Waco 1997, pet. denied); *Tex. Dep't of Pub. Safety v. Deck,* 954 S.W.2d 108 (Tex.App.–San Antonio 1997, no writ).

In support of his contention that DPS participated in the expunction hearing because it filed a letter after the hearing requesting the clerk to retain the expunction file, J.B.R. directs our attention to the statute cited by DPS as authority for its request. As noted above, that statute is Section 5(d–1) of Article 55.02, which provides that:

> Not later than the 30th day before the date on which the clerk destroys files or other records under Subsection (d), the clerk shall provide notice by mail, elec-

tronic mail, or facsimile transmission *to the attorney representing the state in the expunction proceeding. If the attorney representing the state in the expunction proceeding* objects to the destruction not later than the 20th day after receiving notice under this subsection, the clerk may not destroy the files or other records until the first anniversary of the date the order of expunction is issued or the first business day after that date. [Emphasis added].

*See* TEX.CODE CRIM.PROC.ANN. art 55.02, § 5(d-1)(West Supp.2015). Because the relief provided by the statute is available only to the attorney representing the state in the expunction proceeding, J.B.R. reasons that DPS, "by [its] own admission, would state [it] [is] one in the same with the counsel representing the state in the expunction proceeding." Of course, DPS has made no such claim. And it cannot be seriously argued that DPS has transformed itself into the attorney representing the state in the expunction proceeding by virtue of citing this statute in the letter to the clerk requesting that she retain the expunction file. The attorney representing the state in the expunction proceeding was the Burnet County District Attorney's Office, and, as we concluded above, it did not represent DPS in the expunction hearing.

 J.B.R. also contends DPS cannot establish it did not timely file any postjudgment motions, requests for findings of fact and conclusions of law, or notice of appeal. J.B.R. concedes DPS filed neither requests for findings of fact and conclusions of law nor a notice of appeal but argues DPS's letter to the clerk requesting her to take some action is "a form of post judgment remedy" akin to "a request for the issuance of a writ or for post judgment discovery." Notwithstanding J.B.R.'s assertion to the contrary, DPS's letter to the

clerk is not a post-judgment motion that extends the appellate timetable and precludes a restricted appeal. At a bare minimum, and in the broadest sense, a post-judgment motion is an application directed to the trial court seeking some sort of relief relative to its judgment in a pending case. *See Gomez v. Tex. Dep't of Criminal Justice, Institutional Div.*, 896 S.W.2d 176, 176 (Tex.1995)(construing pro se inmate's "bill of review" brought to trial court's attention as a timely filed post-judgment motion because it assailed the trial court's judgment); *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 317 (Tex. App.–Fort Worth 2015, no pet.)(construing appellant's special appearance after default judgment requesting the trial court to enter an order dismissing appellees' lawsuit and awarding costs to appellant as timely-filed post-judgment motion because it implicitly requested the trial court to vacate default judgment). DPS's letter was directed to the clerk, *not the trial court*, and the letter's purpose was not to seek some sort of relief from the trial court relative to its expunction order but to request that the clerk not destroy the expunction file itself, which the clerk could not do, in any event, until the order of expunction had become final.

■ DPS has met the first three requirements for raising a restricted appeal. Accordingly, we turn to whether error is apparent on the face of the record. In a restricted appeal, the face of the record consists of the papers on file with the trial court when it rendered judgment, including the clerk's record and any reporter's record. *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

As demonstrated below, error is apparent on the face of the record because the record establishes that the statutory conditions for expunction under Article 55.01(a)(2) were not met.

### *Standards of Review*

■ We review a trial judge's decision on a petition for expunction for an abuse of discretion. *Travis County District Attorney v. M.M.*, 354 S.W.3d 920, 922 (Tex. App.–Austin 2011, no pet.)(en banc). A trial judge abuses his discretion if he decides arbitrarily or unreasonable, without reference to guiding rules and principles. *Id.* Under this standard, questions of law are reviewed *de novo* because a trial judge has no discretion in determining what the law is or applying the law to the facts. *M.M.*, 354 S.W.3d at 922.

When reviewing a challenge to the legal sufficiency of the evidence, we view the evidence in the light most favorable to the judgment, crediting favorable evidence if a reasonable fact finder could and disregarding contrary evidence unless a reasonable fact finder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex.2005). We will sustain a legal sufficiency complaint if the record reveals: (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810.

### *Applicable Law*

■ Expunction is a statutory privilege, not a constitutional or common-law right. *M.M.*, 354 S.W.3d at 923. It is also a civil proceeding. *Id.* The burden of proving that all statutory requirements have been satisfied falls upon the person seeking expunction. *Id.* Consequently, the trial court has no equitable power to ex-

tend the protections of the expunction statute beyond its stated provisions. *Id.*

A petitioner is entitled to expunction under Article 55.01(a)(2) if, among other prerequisites not relevant here, "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for any offense, unless the offense is a Class C misdemeanor[.]" TEX.CODE CRIM.PROC.ANN. art 55.01(a)(2)(West 2015). The Austin Court has held that a trial court orders "community supervision under Article 42.12" for purposes of Article 55.01(a)(2)(B) when its judgment imposes "conditions of community supervision" pursuant to Section 11 of Article 42.12. *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 679–80 (Tex.App.–Austin 2010, no pet.). This statutory provision, titled "Basic Conditions of Community Supervision," requires "[t]he judge of the court having jurisdiction of the case ... [to] determine the conditions of the community supervision." TEX.CODE CRIM. PROC.ANN. art. 42.12, § 11(a)(West 2015). The judge is empowered to "impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant[,]" including, but not limited to, any of the twenty-four conditions identified in the statute. *Id.* Among the conditions enumerated in the statute are those that command the defendant to:

(1) Commit no offense against the laws of this State or of any other State or of the United States;

(2) Avoid injurious or vicious habits;

(3) Avoid persons or places of disreputable or harmful character ...;

. . .

(6) Work faithfully at suitable employment as far as possible;

. . .

(10) Participate ... in any community-based program ...; [and]

. . .

(14) Submit to testing for alcohol or controlled substances[.]

TEX.CODE CRIM.PROC.ANN. art. 42.12, § 11(a).

### Discussion

■ J.B.R. was not entitled to expunction under Article 55.01(a)(2) because he failed to adduce legally sufficient evidence that he did not serve a term of court-ordered community supervision under Article 42.12 for the Class A misdemeanor offense of assault.

The judgment reflects that J.B.R. pled no contest to the Class A misdemeanor offense of assault and that the trial judge "deferred adjudication" for six months. The judgment also reflects that, "[i]n accordance with Article 42.12 of the Texas Code of Criminal Procedure," the trial judge "placed [J.B.R.] on community supervision ..." and "order[ed] [him] to comply" with certain specified terms and conditions. Those terms and conditions included that J.B.R.: (1) refrain from further criminal activity; (2) abstain from the use of controlled substances and submit a breath or blood specimen upon request; (3) work faithfully at suitable employment; (4) avoid knowingly associating with criminals; and (5) perform 50 hours of community service. As is evident, the terms and conditions of J.B.R.'s community supervision correspond to the conditions of community supervision in Section 11 of Article 42.12 categorized above. Because J.B.R.'s deferred-adjudication judgment included some of the conditions enumerated in Section 11 of Article 42.12, it constituted "community supervision under Article 42.12" for purposes of Article

55.01(a)(2)(B). *See Nail,* 305 S.W.3d at 681.

 On its face, J.B.R.'s deferred-adjudication judgment establishes that he served a term of court-ordered community supervision under Article 42.12 for the Class A misdemeanor offense of assault. J.B.R. contends there is no error on the face of the record because "[t]he reporter's record plainly shows the trial court found [his] plea did not result in 'court ordered community supervision' under Article 42.12." The trial court's finding, J.B.R. asserts, is the legally-sufficient evidence that establishes his entitlement to expunction under Article 55.01(a)(2). Thus, according to J.B.R., "[b]ecause there is evidence in the record ... demonstrating [he] was not on community supervision ... it cannot be said the trial judge acted without any reference to guiding principles or without supporting evidence." But the trial judge's "finding," based on his opinion, that there was no court-ordered community supervision is not evidence. It is merely an erroneous legal conclusion, and a trial judge has zero discretion to misinterpret or misapply the law. The face of the record demonstrates that, as a matter of law, the trial judge imposed "condition of community supervision" in J.B.R.'s deferred-adjudication judgment for purposes of Article 55.01(a)(2). *Nail,* 305 S.W.3d at 684. Where court-ordered community supervision has been imposed as a matter of law, it is immaterial that the trial judge and the parties to the criminal proceeding intended for expunction to be available. *Id.* This is because "[t]he legislature has provided no such exception to the 'community supervision' expunction limitation, and the judiciary has no power to create one." *Id.* at 684–85.

Because J.B.R. did not meet his burden as to this statutory requirement for expunction pursuant to Article 55.01(a)(2), the trial judge abused his discretion in granting J.B.R.'s expunction petition. We sustain DPS's first issue.[5]

## CONCLUSION

The trial court's order granting J.B.R.'s expunction petition is reversed, and judgment is rendered that J.B.R. take nothing on his expunction claim.

---

5. Having sustained DPS's first issue, we need not address its second issue. *See* Tex.

R.App.P. 47.1.