

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00158-CV

EX PARTE K.K.

----------

### FROM THE 367TH DISTRICT COURT OF DENTON COUNTY
### TRIAL COURT NO. 16-07572-367

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant the Texas Department of Public Safety (DPS) brings this restricted appeal from an expunction order entered in favor of Appellee K.K. In four issues, DPS argues that Appellee was not entitled to have his arrest record expunged because he served community supervision for an offense arising from the arrest and that the expunction order is not supported by legally sufficient

---

[1]*See* Tex. R. App. P. 47.4.

evidence. Because error is apparent on the face of the record—Appellee does not meet the requirements of the expunction statute to have his arrest record expunged as a matter of law—we will reverse and render judgment denying Appellee's petition for expunction.

## II. BACKGROUND

Appellee was arrested on November 9, 2012, and subsequently charged with driving while intoxicated, two class B misdemeanor counts of "Duty on Striking Unattended Vehicle," two first-degree felony counts of aggravated assault with a deadly weapon, and one second-degree felony count of aggravated assault with a deadly weapon. Pursuant to a plea agreement, Appellee was granted pretrial diversion for the duty-on-striking-unattended-vehicle offenses, and he pleaded guilty to one count of aggravated assault.[2] The trial court deferred an adjudication of guilt and placed Appellee on five years' community supervision for the aggravated assault charge.

On September 16, 2016, Appellee filed a petition for expunction. In his petition, Appellee sought expunction of all records and files related to the DWI charge and to the charges of duty on striking unattended vehicle that were alleged against him, asserting that he was entitled to expunction under article 55.01(a)(2) because the charges had been dismissed. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2) (West Supp. 2017). Four days later, the trial court set

---

[2]The order of deferred adjudication reflects the following: "Findings on Deadly Weapon: N/A."

a November 3, 2016 hearing on the expunction petition, but the notice of the hearing contains the following statement, which was interlineated by hand: "~~All interested parties have been notified to appear on that date~~." Five days before the hearing, DPS filed an answer and general denial opposing Appellee's petition. DPS did not appear at the expunction hearing. Following the hearing, the trial court granted Appellee's petition and signed an expunction order on November 3, 2016.[3]

DPS filed a notice of restricted appeal with this court on May 3, 2017.[4] After briefs were filed, Appellee filed a motion to dismiss for want of jurisdiction.

---

[3]The expunction order states that a hearing was held on Appellee's petition for expunction, but we have no record of the hearing. The court reporter notified this court via letter that no record of the hearing was made.

[4]The certificate of service on the notice of restricted appeal states that it was served upon the attorney of record for the opposing party by electronic service on May 3, 2017; however, the trial court's copy is file marked May 8, 2017. A representative of the district clerk's office informed this court that because the case was expunged, it no longer exists on their system and thus the notice of appeal was "not available to e-file." *See* Tex. R. Civ. P. 21(f)(4)(B)(ii) (providing exceptions for when a document must not be electronically filed in district court, including when "access is otherwise restricted by law or court order"). Because DPS also electronically transmitted its notice of restricted appeal to this court on May 3, 2017, and because an electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider, DPS's notice of restricted appeal is deemed filed on May 3, 2017. *See* Tex. R. Civ. P. 21(f)(5) (providing that electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider); Tex. R. App. P. 9.2(c)(4) (same).

### III. RESTRICTED APPEAL REQUIREMENTS

A party can prevail in a restricted appeal only if (1) it filed notice of the restricted appeal within six months after the order or judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the order or judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). These requirements are jurisdictional and will cut off a party's right to seek relief by way of a restricted appeal if they are not met. *See Lab. Corp. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 528–29 (Tex. App.—Dallas 2000, no pet.) (holding that court lacked jurisdiction over restricted appeal because laboratory corporation had filed its notice of restricted appeal more than six months after judgment was signed).

### IV. TIMELINESS OF NOTICE OF RESTRICTED APPEAL

As an initial matter, we address Appellee's motion to dismiss for want of jurisdiction. Appellee argues that DPS filed its notice of restricted appeal 181 days after the expunction order was signed and that DPS's notice of restricted appeal is therefore untimely and does not vest this court with jurisdiction.[5] Rule 26.1(c) provides that a notice of restricted appeal must be filed within six months

---

[5]Appellee's brief solely raises the same arguments that are raised in his motion to dismiss for want of jurisdiction.

4

after the judgment or order is signed. Tex. R. App. P. 26.1(c). Here, the expunction order was signed on November 3, 2016, and DPS filed its notice of restricted appeal on May 3, 2017. Appellee, relying on a 180-deadline, claims that DPS's notice of restricted appeal was one day late and should have been accompanied by a motion reasonably explaining the need for the one-day extension. *See* Tex. R. App. P. 10.5(b)(1)(C). Because rule 26.1(a) provides a six-month deadline, rather than a 180-day deadline, DPS's notice of restricted appeal that was filed on May 3, 2017—six months after November 3, 2016—is timely. *See* Tex. R. App. P. 26.1(c); *Fisher v. Westmont Hospitality*, 935 S.W.2d 222, 225 (Tex. App.—Houston [14th Dist.] 1996, no writ) (stating that "a calendar month runs from the date of the event . . . to the same date in the next or succeeding month"); *Pitcock v. Johns*, 326 S.W.2d 563, 565 (Tex. Civ. App.— Austin 1959, writ ref'd) (holding that a period of time 'within six months after' February 28, 1957, expired on August 28, 1957); *Gulf Cas. Co. v. Garner*, 48 S.W.2d 746, 747 (Tex. Civ. App.—El Paso 1932, writ ref'd) ("It is our opinion that the 'six months' provided for means 6 calendar months, and not 180 days as contended by appellant."); *see also Ex parte Davila*, No. 13-15-00202-CV, 2016 WL 872997, at *2 (Tex. App.—Corpus Christi Feb. 18, 2016, no pet.) (mem. op.) (stating that "the trial court signed the order of expunction on October 22, 2014, and the Department filed its notice of restricted appeal on April 22, 2015, within the six-month deadline"). Accordingly, we deny Appellee's motion to dismiss this appeal for want of jurisdiction.

5

## V. Was a Party But Did Not Participate in the Hearing

DPS states in its brief that it was a party to the underlying suit and that it did not participate at the hearing that resulted in the expunction order. Appellee does not dispute that DPS has fulfilled these elements of a restricted appeal.[6]

## VI. Error on the Face of the Record

In its first issue, DPS argues that Appellee was not entitled to have specific offenses arising from his November 9, 2012 arrest expunged because he served a term of community supervision as a result of his arrest.

We review a trial court's ruling on a petition for expunction under an abuse-of-discretion standard. *See Ex parte Cephus*, 410 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92

---

[6]Numerous appellate courts, including this court, have impliedly or explicitly held that an answer from DPS does not constitute participation in the hearing that resulted in the expunction order and thus does not bar DPS from pursuing a restricted appeal. *See, e.g.*, *Ex parte Brown*, No. 12-16-00332-CV, 2017 WL 4161548, at *1, *3 (Tex. App.—Tyler Sept. 20, 2017, no pet.) (mem. op.) (reversing and rendering judgment denying appellee's expunction petition because error was apparent on the face of the record where DPS's answer raised issue of appellee's deferred-adjudication community supervision, which barred expunction); *Ex parte J.C.D.*, No. 13-16-00534-CV, 2017 WL 3304478, at *1–2 (Tex. App.—Corpus Christi Aug. 3, 2017, no pet.) (mem. op.) (same); *Ex parte S.E.W.*, No. 04-16-00255-CV, 2017 WL 603644, at *1–3 (Tex. App.—San Antonio Feb. 15, 2017, no pet.) (mem. op.) (same); *Tex. Dep't of Pub. Safety v. J.B.R.*, 510 S.W.3d 610, 612, 615, 619 (Tex. App.—El Paso 2016, no pet.) (same); *Ex parte B.M.*, No. 02-14-00336-CV, 2015 WL 3421979, at *1–2 (Tex. App.—Fort Worth May 28, 2015, no pet.) (mem. op.) (same); *Tex. Dep't of Pub. Safety v. Borhani*, No. 03-08-00142-CV, 2008 WL 4482676, at *1, *4 (Tex. App.—Austin Oct. 3, 2008, no pet.) (mem. op.) (reversing and remanding for a new trial because in light of DPS's answer challenging appellee's right to expunction, "trial court's order was rendered without considering sufficient evidence to support expunction").

S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). However, to the extent a ruling on an expunction petition turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.).

Article 55.01 provides a right of expunction as follows:

(a)  A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court-ordered community supervision under [a]rticle 42.12 for the offense*, unless the offense is a Class C misdemeanor[.]

*See* Act of May 27, 2011, 82nd Leg., R.S., ch. 894 § 1, 2011 Tex. Gen. Laws 2274, 2274–75 (amended 2017) (current version at Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)) (emphasis added).[7]  This court has previously analyzed whether article 55.01(a) allows for individual offenses to be expunged, stating that

[c]onsidering the prefatory statement in subarticle 55.01(a) that expunctions must apply to all records of one arrest, the remaining provisions in chapter 55 indicating that the remedy of expunction is arrest-based and that partial, content-based removal or redaction of arrest files is not contemplated or sufficient, the decisions of the majority of our sister courts holding that individual charges within an

---

[7]For purposes of this opinion, all citations to this statute will be cited as "Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)" and will refer to the version in effect in 2016, which is set forth above.

arrest are not subject to expunction, and the long-recognized intent of chapter 55 to allow expunction of only wrongful arrests, we hold that for a petitioner to be entitled to expunction under article 55.01, all charges arising from the arrest must meet that article's requirements.

*S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.).

Here, Appellee was placed on court-ordered community supervision for aggravated assault, which is a "charge" that arose from his November 9, 2012 arrest. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2); *S.J.*, 438 S.W.3d at 846; *see also Tex. Dep't of Pub. Safety v. Crawford*, No. 12-12-00072-CV, 2013 WL 776618, at *1 (Tex. App.—Tyler Feb. 28, 2013, no pet.) (mem. op.) ("A person is not entitled to an expunction if she was placed on 'court[-]ordered community supervision' . . . , which includes deferred adjudication community supervision."). Appellee is therefore not entitled to expunction because he has not proven that each charge arising from his November 9, 2012 arrest satisfies the requirements of article 55.01(a)(2). *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2); *S.J.*, 438 S.W.3d at 846. Because DPS established error apparent on the face of this record, we sustain its first issue.[8]

---

[8]Because DPS's first issue is dispositive of this appeal, we need not address its second, third, and fourth issues challenging the legal sufficiency of the evidence to support the trial court's expunction order. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to disposition of appeal).

8

## VII. CONCLUSION

Having sustained DPS's first issue, which is dispositive of this appeal, we reverse the trial court's expunction order and render judgment denying Appellee's petition for expunction. *See* Tex. R. App. P. 43.2(c); *Brown*, 2017 WL 4161548, at *3; *J.C.D.*, 2017 WL 3304478, at *2; *S.E.W.*, 2017 WL 603644, at *3; *J.B.R.*, 510 S.W.3d at 619; *B.M.*, 2015 WL 3421979, at *2. The records previously sealed by the trial court are hereby unsealed, and all documents that were turned over to the trial court or to Appellee by law-enforcement agencies in compliance with the expunction order shall be returned to the submitting agencies. *See B.M.*, 2015 WL 3421979, at *2.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, GABRIEL, and KERR, JJ.

DELIVERED: March 15, 2018

9