

# NUMBER 13-16-00618-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## EX PARTE MELISSA JO MORROW EGAN

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Longoria**
**Memorandum Opinion by Justice Rodriguez**

The trial court granted expunction of criminal records for appellee Melissa Jo Morrow Egan. Appellant, the Texas Department of Public Safety (DPS), filed this restricted appeal. By four issues, DPS contends the trial court abused its discretion by granting expunction without holding a recorded hearing and despite a judgment showing that Egan was not eligible for expunction. We reverse and render.

## I.    BACKGROUND

Egan filed a petition seeking the expunction of records related to her arrest on April 23, 2014—specifically, records concerning two charges:   violation of a duty upon striking

structure/highway landscape[1] and failure to stop and give information after an accident involving damage to a vehicle.[2]   Egan alleged that these two charges had been dismissed and that they were therefore eligible for expunction.

DPS filed an answer in which it asserted that Egan was ineligible under the expunction statute.   DPS alleged that while two of the charges related to Egan's arrest had been dismissed, the arrest led to a third charge—driving while intoxicated[3]—which resulted in a conviction.   DPS attached various documents to its answer, including charges for the three offenses.   DPS also attached a judgment by which Egan pleaded guilty to driving while intoxicated and was sentenced to 180 days in county jail and a fine, with the sentence suspended in favor of community supervision.   DPS asserted that because the arrest resulted in a conviction and community supervision, Egan was ineligible for expunction of any records related to the arrest, even for the two charges that were dismissed.

The trial court granted expunction of the two dismissed charges.   In its order, the trial court found that expunction was appropriate because the dismissal of these two charges indicated a lack of probable cause.   The expunction order did not mention a third charge or any conviction for driving while intoxicated which originated from the same arrest.

DPS filed this restricted appeal of the expunction order.

---

[1] TEX. TRANSP. CODE ANN. § 550.025 (West, Westlaw through 2017 1st C.S.).

[2] *Id.* §§ 550.022–.023 (West, Westlaw through 2017 1st C.S.).

[3] TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2017 1st C.S.).

## II.    THE FIRST THREE REQUIREMENTS OF A RESTRICTED APPEAL

An appellant must establish four elements to succeed in a restricted appeal:   (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.   *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam).   We liberally construe the non-participation requirement in favor of the right to appeal.   *Id.*

As to the first requirement, DPS filed its notice of appeal within six months of the judgment:   the trial court signed the order of expunction on May 12, 2016, and DPS filed its notice of restricted appeal on November 10, 2016.   *See id.*

As to the second requirement, DPS is a proper party to this suit.   *See id.*   Egan listed DPS as an entity potentially having records that she sought expunged, and DPS was subject to the expunction order, providing DPS with the right to appeal the court's judgment "in the same manner as in other civil cases."   *See Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi 2016, no pet.).

As to the third requirement, a review of the record confirms that DPS did not file any post-judgment motions or requests for findings of fact and conclusions of law.   *See Pike-Grant*, 447 S.W.3d at 886.   Furthermore, there is no record of any hearing or proceedings in which DPS could have "participate[d]."   *See id.*   Although DPS filed an answer in response to Egan's petition, "[f]iling an answer . . . is not participation" for

3

purposes of a restricted appeal. *See Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985).[4]

With the first three requirements satisfied, we turn to the fourth requirement: whether error appears on the face of the record. *See Pike-Grant*, 447 S.W.3d at 886.

### III.   ERROR ON THE FACE OF THE RECORD

By its first issue, DPS argues that error is apparent on the face of the record because Egan's April 2014 arrest resulted in a final conviction and community supervision.

### A.   Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Vega*, 510 S.W.3d at 548. To the extent the court's ruling on an expunction petition turns on a question of law, we review that ruling de novo. *Id.* A trial court abuses its discretion when it rules arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998).

---

[4] An entity described in the expunction statute "*may* be represented by the attorney responsible for providing the entity with legal representation in other matters." *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(c-1) (West, Westlaw through 2017 1st C.S.) (emphasis added). Under this provision, the district attorney does not automatically represent the DPS in an expunction proceeding. *See, e.g.*, *Tex. Dep't of Pub. Safety v. Smith*, 533 S.W.3d 488, 496 (Tex. App.—Corpus Christi May 4, 2017, no pet.); *Tex. Dep't of Pub. Safety v. J.B.R.*, 510 S.W.3d 610, 616 (Tex. App.—El Paso 2016, no pet.); *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108 (Tex. App.—San Antonio 1997, no writ); *Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ). Our decision in *Texas Department of Public Safety v. Espinoza* is distinguishable from these cases. *See* No. 13-08-00393-CV, 2009 WL 2545884, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). In *Espinoza*, the issue was not briefed or raised by the parties and it is not clear from the record whether there was an agreement regarding representation between the district attorney and DPS. *See id.* In this regard, agreements or putative agreements regarding representation of the DPS by the district attorney are handled on a case-by-case basis given the discretionary nature of the statute and the differing factual scenarios that might be presented. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(c-1).

Because this is a restricted appeal, our review is limited to the face of the record. *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam). The "face of the record" includes all papers on file in the appeal and the reporter's record, if any. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *see also Tex. Dep't of Pub. Safety v. Salazar*, No. 13-12-00771-CV, 2013 WL 4399185, at *2 (Tex. App.—Corpus Christi Aug. 15, 2013, no pet.) (mem. op.). The requirement that error be apparent on the face of the record means that "error that is merely inferred will not suffice." *Ginn*, 282 S.W.3d at 431. With this limitation, our scope of review is otherwise the same as in an ordinary appeal. *Vega*, 510 S.W.3d at 547.

**B.    Applicable Law**

Expunction is civil in nature, though the expunction statute is codified in the Texas Code of Criminal Procedure. *Id.* at 548. Upon fulfillment of certain statutory requirements, all criminal records arising from an arrest must be expunged. *Id.* To establish a right to expunction under the statutory article at issue here, the petitioner must prove that: (1) she has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; (4) there was no court-ordered community supervision; and (5) other statutory requirements which are not at issue in this case. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West, Westlaw through 2017 1st C.S.).

Section (a)(2) of the expunction statute treats "an arrest as the unit of expunction and provides relief relating to arrests rather than charges." *Vega*, 510 S.W.3d at 551. Thus, if a petitioner is convicted of a charge arising out of an arrest, the petitioner is

5

generally not eligible to have records related to that arrest expunged under the article at issue in this appeal.   *See id.*

Expunction is only available when all the statutory conditions have been met, which the petitioner has the burden of proving.   *Tex. Dep't of Pub. Safety v. Williams*, 76 S.W.3d 647, 650 (Tex. App.—Corpus Christi 2002, no pet.).   Courts have no equitable power to extend the expunction statute.   *Id.*   And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction is mandatory and exclusive. *Vega*, 510 S.W.3d at 548.

## C.    Analysis

In support of the fourth requirement for its restricted appeal, DPS argues that no records related to her arrest may be expunged, because Egan was convicted and placed on community supervision for a charge arising out of the same arrest.   *See Williams*, 76 S.W.3d at 650.

The record reveals that on May 6, 2015, the trial court determined that Egan was guilty of driving while intoxicated based on her plea of guilt.   *See* TEX. PENAL CODE ANN. § 49.04 (West, Westlaw through 2017 1st C.S.).   The trial court entered a judgment of conviction, but suspended the sentence and placed Egan on community supervision for a period of two years.[5]   The trial court also ordered Egan to complete 100 hours of community service, to pay various costs and fees, and to undergo electronic monitoring for a period of one year.

---

[5] *See* former TEX. CRIM. PROC. CODE ANN. art. 42.12 (current version at TEX. CRIM. PROC. CODE ANN. arts. 42A.051 *et seq.* (West, Westlaw through 2017 1st C.S.)).

These facts establish that Egan did not fulfill two criteria described in the relevant portion of the expunction statute: (2) "the charge, if any, has not resulted in a final conviction" and (4) "there was no court-ordered community supervision under Chapter 42A for the offense." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). Rather, because her arrest resulted in a final conviction and community supervision, Egan was ineligible for expunction of any records related to the arrest under article 55.01(a)(2), including records of the two charges which were dismissed. *See Vega*, 510 S.W.3d at 551. The trial court abused its discretion when it expunged these records, *see id.* at 548, and error is therefore apparent on the face of the record. *See Pike-Grant*, 447 S.W.3d at 886.

DPS has satisfied all four requirements for its restricted appeal. *See id.* Accordingly, we sustain DPS's first issue. This renders it unnecessary to consider DPS's remaining issues. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We reverse the judgment of the trial court and render judgment denying Egan's petition for expunction.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
28th day of June, 2018.

7