

# NUMBER 13-17-00661-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TEXAS DEPARTMENT OF PUBLIC SAFETY,                    Appellant,

v.

ALFRED SCHUETZE,                                        Appellee.

### On appeal from the 445th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides, and Longoria**
**Memorandum Opinion by Justice Benavides**

By this restricted appeal, appellant, the Texas Department of Public Safety (the Department), challenges the trial court's granting of appellee Alfred Schuetze's motion to expunge his arrest for theft, a class C misdemeanor, public intoxication by a minor, a class C misdemeanor, possession of marijuana, a class B misdemeanor, and possession of drug paraphernalia, a class C misdemeanor. *See* TEX. PENAL CODE ANN. §§ 31.03,

49.02 (West, Westlaw through 2017 1st C.S.); TEX. HEALTH & SAFETY CODE §§ 481. 121, 481.125 (West, Westlaw through 2017 1st C.S.); TEX. CODE CRIM. PROC. ANN. § 55.01 (West, Westlaw through 2017 1st C.S). By two issues, the Department alleges that (1) Schuetze was not entitled to an expunction of the November 21, 2014 charges because one of those charges resulted in a final conviction and (2) Schuetze's petition for expunction was not supported by legally sufficient evidence. We reverse and render.

## I. BACKGROUND

On November 21, 2014, Schuetze was arrested for the four underlying offenses to this expunction. Pursuant to a plea bargain in which the other three charges were dismissed, Schuetze was found guilty of possession of drug paraphernalia and ordered to pay a fine on May 7, 2015.

On January 22, 2016, Schuetze filed this petition for expunction of the four charges from November 21, 2014, as well as additional charges from different dates of arrest. The Department filed an answer stating that Schuetze was not entitled to the expunction of the records from November 21, 2014 due to his conviction on May 7, 2015.

A hearing was held on April 19, 2016 and the trial court denied the expunction of the four charges arising out of the November 21, 2014 arrest, but allowed expunction of the arrests from other dates.

In June 2016, Schuetze filed an agreed motion for Judgment Nunc Pro Tunc alleging a clerical error omitted two arrests that should have been expunged. At a hearing regarding the motion for Judgment Nunc Pro Tunc, although the District Attorney and Schuetze agreed to expunge the public intoxication and theft charges from November

2

21, 2014, the trial court denied the motion because there was a final conviction that resulted from the arrest on November 21, 2014.

Schuetze appealed the trial court's denial of the motion for Judgment Nunc Pro Tunc to this Court. However, we denied his appeal for want of jurisdiction because the denial of a motion for Judgment Nunc Pro Tunc was not an appealable order. *Ex parte Schuetze*, No. 13-16-00586-CV, 2017 WL 711645, *1 (Tex. App.—Corpus Christi February 23, 2017, no pet.) (mem. op.).

Following our dismissal, Schuetze filed a second proposed Order Granting Expunction of Criminal Records which included all four offenses from the arrest on November 21, 2014.[1] Following a subsequent hearing in which the District Attorney and Schuetze appeared, the trial court signed the order granting expunction. The Department filed this restricted appeal.

## II. RESTRICTED APPEAL

### A. Standard of Review

Restricted appeals are governed by Rule 30 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 30. When a party does not participate in person or through counsel in a hearing that results in a judgment, that party may be eligible for a restricted appeal. *See id.* When addressing a restricted appeal, our review is limited to the face of the record. *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus

---

[1] Although Schuetze filed the second proposed Order Granting Expunction of Criminal Records in the same district court as before, the now-elected trial judge, Gloria Rincones, conducted the hearing. Previous hearings had been held before Judge Rene DeCoss.

3

Christi 2016, no pet.). For these purposes, the "face of the record" consists of all papers that were before the trial court at the time it rendered judgment. *Id.*

To sustain a restricted appeal, the filing party must prove: (1) the party filed notice of the restricted appeal within six months after the judgment was signed; (2) the party was a party to the underlying lawsuit; (3) the party did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the fact of the record. TEX. R. APP. P. 26.1(c), 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

### B.  Applicable Law and Discussion

In order to be entitled to a restricted appeal, the Department must meet the criteria related to a restricted appeal. We agree that the Department filed a notice of restricted appeal within six months of the judgment and that it was a party to the underlying lawsuit, thereby meeting the first two prongs required. However, the third prong required the Department to show it did not participate in the hearing, file any post-judgment motions, or request findings from the trial court. *See Pike-Grant*, 447 S.W.3d at 886.

We are required to liberally construe the non-participation requirement for restricted appeals in favor of the right to appeal. *Pike-Grant*, 447 S.W.3d at 886; *Stubbs v. Stubbs*, 685 S.W.2d 643, 644–45 (Tex. 1985). The question is whether the appellant participated in the decision-making event that resulted in the judgment adjudication of the appellant's rights. *Stubbs*, 685 S.W.2d at 644; *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex.

4

App.—San Antonio 2010, pet. denied). A restricted appeal is not an equitable proceeding. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). An appellant [in a restricted appeal] "is not required to show diligence or lack of negligence before its complaints will be heard . . . [because] it is the fact of nonparticipation, not the reason for it, that determines the right to [a restricted appeal]." *Id.*; *see In re Marriage of Butts*, 444 S.W.3d 147, 152 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 291 (Tex. App.— Waco 2014, no pet.); *Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 40 (Tex. App.— San Antonio 2011, no pet.); *see also McBride v. Mail Sys. Coordinator's Panel*, 13-05-560-CV, 2008 WL 2151523, at *3 (Tex. App.—Corpus Christi May 22, 2008, pet. denied) (mem. op.).

Even though the District Attorney appeared and agreed to the expunction, the Department did not; instead, it filed an answer challenging the original petition for expunction. Because the Department in Schuetze's case did not agree to the expunction, we find it meets the third prong of the requirements for a restricted appeal.[2]

---

[2] An entity described in the expunction statute "*may* be represented by the attorney responsible for providing the entity with legal representation in other matters." *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 § 2(c-1) (West, Westlaw through 2017 1st C.S.) (emphasis added). Under this provision, the District Attorney does not automatically represent the Department in an expunction proceeding. *See, e.g., Tex. Dep't of Pub. Safety v. Smith*, 533 S.W.3d 488, 496 (Tex. App.—Corpus Christi May 4, 2017, no pet.).; *Tex. Dep't of Pub. Safety v. J.B.R.*, 510 S.W.3d 610, 616 (Tex. App.—El Paso 2016, no pet.); *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108 (Tex. App.—San Antonio 1997, no writ); *Tex. Dep't of Pub. Safety v. Katapodis*, 886 S.W.2d 455, 458 (Tex. App.—Houston [1st Dist.] 1994, no writ). Our decision in *Texas Department of Public Safety v. Espinoza* is distinguishable from these cases. *See* No. 13-08-00393-CV, 2009 WL 2545884, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). In *Espinoza*, the issue was not briefed or raised by the parties and it is not clear from the record whether there was an agreement regarding representation between the District Attorney and the Department. *See id.* In this regard, agreements or putative agreements regarding representation of the Department by the District Attorney are handled on a case-by-case basis given the discretionary nature of the statute and the differing factual scenarios that might be presented. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 § 2(c-1).

Having concluded the Department meets the first three requirements, we now turn to whether error is apparent on the face of the record.

### III.    EXPUNCTION

By two issues, the Department argues Schuetze was not entitled to an expunction of the charges from November 21, 2014 because one charge resulted in a final conviction and Schuetze's petition was not supported by legally sufficient evidence.

### A.    Applicable Law

The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and released, and who meets certain other conditions, to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *see also Ex parte Vega*, 510 S.W.3d at 548. Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Ex parte Vega*, 510 S.W.3d at 548. As in other civil proceedings, it is the petitioner's burden to show that all the statutory conditions have been met. *Id.* And because expunction is not a right but a statutory privilege, each of the statutory conditions for expunction are mandatory and exclusive. *Id.* It is an abuse of discretion for the trial court to order expunction when the statutory conditions have not been met because the court possesses "no equitable power to permit expunction where it is not allowed" by statute. *Id.*

Schuetze's issue requires us to interpret the expunction statute. Statutory interpretation is a question of law that we also review de novo. *City of Rockwall v. Hughes,* 246 S.W.3d 621, 625 (Tex. 2008). Our goal in interpreting a statute is to give

effect to the Legislature's intent as expressed by the language in the statute. *Id.* We assume that the statute's words bear their "plain and common meaning" unless the Legislature provided a definition or another meaning that is apparent from the context. *Id.* at 625–26. We consider the statute as a whole, reading each word and phrase in context, and attempt to give effect to every part. *Mid-Century Ins. Co. of Tex. v. Ademaj,* 243 S.W.3d 618, 621 (Tex. 2007). If the meaning of statutory language is clear and unambiguous, we may not resort to rules of construction or extrinsic aids. *City of Rockwall,* 246 S.W.3d at 626. However, we may also consider the object the Legislature sought to attain by enacting the statute. *Lexington Ins. Co. v. Strayhorn,* 209 S.W.3d 83, 87 (Tex. 2006) (citing TEX. GOV'T CODE ANN. § 311.023(1) (West, Westlaw through 2017 1st C.S.)).

Article 55.01(a) of the expunction statute governs a petitioner's right to expunction and provides, in relevant part, that:

> (a)    A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> > (A)    regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense . . .

7

(i)     has not been presented against a person at any time following the arrest . . .

. . . or

(ii)    if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void; or

(B)    prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period had expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a).

## C.    Discussion

To establish entitlement to expunction under article 55.01(a)(2), Schuetze was required to prove that: (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure. *See id.* art. 55.01(a)(2)(A); *see also Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 626 (Tex. App.—Austin 2014, pet. ref'd).

Schuetze argues that the plea to a Class C misdemeanor does not prevent expunction of the charges arising out of the November 21, 2014 arrest. The Department argues expunction is prevented because the Class C possession of drug paraphernalia

8

arose out of the same arrest and is therefore barred.

Article 55.01(a) begins by providing that "[a] person who has been placed under a custodial or noncustodial arrest" may "have *all* records and files *relating to the arrest*" expunged if certain conditions are met. TEX. CODE CRIM. PROC. ANN. art. 55.01 (emphasis added). The statutory language contemplates expunging all of the records related to an arrest but makes no provision for expunging records related to a particular charge that resulted from an arrest. *See id.*; *see also Ex parte Vega*, 510 S.W.3d at 550 (interpreting article 55.01(a) in the same manner); *G.B.E.*, 459 S.W.3d at 629. If the Legislature wished to permit persons to expunge records related to a particular charge resulting from an arrest without expunging all records of the arrest itself, we presume that it would have included language with that meaning in the statute. *See S.J. v. State,* 438 S.W.3d 838, 843 (Tex. App.—Fort Worth 2014, no pet.); *see also Ex parte S.C.,* 305 S.W.3d 258, 263 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (holding that an expunction order was overbroad because the Legislature did not include language allowing a person to expunge records "relating to the investigation" or "resulting in" or "contributing to" an arrest). Furthermore, the statute does not make the availability of expunction turn on whether a charge was filed following the arrest, but requires that "the charge, if any" is not still pending and did not have certain results. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2); *see also S.J.,* 438 S.W.3d at 843.

Viewing the statute as a whole and keeping in mind its general purpose of permitting the expunction of wrongful arrests, we conclude that a person is "not entitled to have any arrest records expunged under article 55.01(a)(2) when (1) one or more

charges result in a conviction (for that particular charge) and (2) any remaining charge is dismissed, but that dismissal results in a final conviction of *any* charge arising from the same arrest." *G.B.E.*, 459 S.W.3d at 629 (emphasis in original); *see In re A.G.*, 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding that petitioner failed to show that charge had not resulted in final conviction under current version of article 55.01 because petitioner pleaded guilty to reckless driving).

Schuetze was originally arrested for Class C theft, public intoxication by a minor, possession of marijuana, and possession of drug paraphernalia. *See* TEX. PENAL CODE ANN. §§ 31.03, 49.02; TEX. HEALTH & SAFETY CODE ANN. §§ 481.121, 481.125. As part of a plea agreement, he pleaded guilty to the possession of drug paraphernalia and the State dismissed the other offenses. Because of the events that occurred, we hold that Schuetze failed to meet the requirements of article 55.01(a). *See G.B.E.*, 459 S.W.3d at 629; *In re A.G.*, 417 S.W.3d at 655; *see also Ex parte Almaraz*, No. 13-17-00153-CV, 2018 WL 4087737, *1 (Tex. App.—Corpus Christi Aug. 28, 2018, no pet.) (mem. op.); *Ex parte Carlos De La Garza*, No. 13-16-00522-CV, 2018 WL 1417450, *1 (Tex. App.—Corpus Christi Mar. 22, 2018, no pet.) (mem. op.). Schuetze was not tried for the offenses and acquitted or pardoned. Therefore, Schuetze did not meet the requirements of article 55.01(a)(1). Schuetze also failed to satisfy article 55.01(a)(2) because the record shows that, although the three additional charges were dismissed, as part of his plea agreement with the State, Schuetze was convicted of a Class C misdemeanor offense for possession of drug paraphernalia. Thus, the charge resulted in a final

10

conviction rendering Schuetze's records ineligible for expunction.  *See Rodriguez v. State*, 224 S.W.3d 783, 785 (Tex. App.—Eastland 2007, no pet.); *see also Tex. Dep't of Pub. Safety v. Aytonk*, 5 S.W.3d 787, 788 (Tex. App.—San Antonio 1999, no pet.).

We sustain the Department's first issue.[3]

### III.    CONCLUSION

We reverse the trial court's order of expunction and render judgment denying Schuetze's petition for expunction regarding his arrest on November 21, 2014.


GINA M. BENAVIDES,
Justice


Delivered and filed the
10th day of January, 2019.

---

[3]   Since we sustained the Department's first issue that Schuetze was not entitled to an expunction, we do not need to address the second issue as the first issue is dispositive.